CRAVENS, Appellant, *vs.* PETTIT, Respondent.

*Appeal from Wayne Circuit Court.*

On the 23d day of February, 1846, the appellant, Cravens, filed his bill in chancery, alleging that Pettit, the respondent, claimed a right to a confirmation, prior to the year 1832, of a tract of land containing about 640 acres, lying in the counties of Madison and Wayne, in this state ; which tract was generally known as the " Cedar Cabin," but which claim had been *rejected* by the board of commissioners ; that *after* the rejection of said claim, the appellant, Cravens, purchased from the said Pettit, for the sum of four hundred dollars, the right, title and interest in the said tract of land, of him, the said Pettit ; that no deed passed for said tract of land between the parties, at the time of the purchase of said claim, but the respondent, Pettit, was to use his best exertions to procure a confirmation for the benefit of Cravens, when he, Pettit, was to execute and deliver a deed to Cravens ; that said Cravens immediately entered on said land and made valuable improvements thereon, and entered, at the proper land office, about 320 acres of said land. That after said sale to the appellant, Pettit procured a confirmation in his own name, of said " Cedar Cabin" tract, and claims to own the same, and refuses to make said deed to Cravens, and has actually offered the same for sale, and has, moreover, in consequence of said entries by Cravens, obtained a float from the land office for about 160 acres, which the said Cravens claims as his, but which defendant insists on keeping for his own use. The bill prays for a decree, compelling Pettit

to convey said land and float to him, (Cravens,) and for an injunction prohibiting the sale of said property by Pettit.

To this bill the defendant demurred, and the appellant joined in demurrer, and on the 4th of May, 1846, the appellant, Cravens, filed an amended bill, and the respondent withdrew his demurrer. The amended bill is substantially the same as the original, except that it is alleged in the amended bill, that one Gray purchased the "Cedar Cabin" with Cravens, and that Cravens actually paid the four hundred dollars to Pettit, and was put in possession of said tract by said Pettit, and made about two thousand dollars worth of improvements on said tract, with the knowledge and consent of said Pettit; and that he (Cravens,) was entirely ignorant of Pettit's procuring the confirmation, until a short time before the filing of his bill.

Pettit, the respondent, on the 15th day of September, 1847, filed his answer, admitting the sale to the appellant (Cravens,) of the *cabin*, and that only; expressly denying that he sold his claim to the *tract of land*; also admitting, that, after the sale to Cravens, he procured a confirmation of said claim for his own use and benefit, and not for the appellant, Cravens; and expressly denying that he, in any manner, agreed or bound himself to procure said confirmation for Cravens. The answer alleges, that the improvements were made on 160 acres of said tract, patents for which were issued to Cravens before the confirmation, and to which 160 acres Pettit admits that Cravens is entitled. A replication was filed to the answer. On the application of the respondent, Pettit, an order was made by the court, to produce the writing made and executed by said Pettit for the "Cedar Cabin," when the same was sold to the appellant, Cravens, which order was complied with, and the written instrument, in the following words, was read in evidence by the respondent:

"John L. Pettit resigns all his right, and title and interest to the Cedar Cabin, to John Cravens and John W. Gray.

March 5th, 1832. WM. C. PERSON."

This case was set for hearing on the pleadings and proofs,

and the appellant asked for a jury to try the issue of fact, which was refused by the court, and to which refusal the appellant excepted. The court below, after hearing the evidence offered by the parties, dismissed the bill; the complainant excepted, tendered his bill of exceptions, and prayed an appeal to the Supreme Court, which was granted.

*Blennerhassett & Shreve*, for appellant.

*J. D. Cook*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

In looking into the evidence preserved by the bill of exceptions, in this case, there is ample proof, establishing beyond a doubt, that the "Cedar Cabin" was the name by which the tract of land was known to the parties in this suit, and, also, proving the fact, that under that name the defendant, Pettit, sold the tract of land in controversy, to the complainant and one John W. Gray.

The board of commissioners, it appears, had rejected the application of Pettit for a confirmation of this tract; that after this rejection he sold to complainant and Gray for the sum of four hundred dollars; that Gray released his interest in the purchase to Cravens; that Gray paid nothing, and Cravens paid the consideration money; that at the time of the sale the defendant, Pettit, made a writing, of which the following is a copy, viz:

"John L. Pettit resigns all his right, and title and interest to the Cedar Cabin, to John Cravens and John W. Gray.

March 5th, 1832. WM. C. PERSON."

After this transaction Pettit moved away, and Cravens moved on and took possession, made valuable improvements, and before the claim of Pettit was confirmed under the act of congress, 1836, Cravens had entered 160 acres of land, included in this claim, as afterwards confirmed; also, had entered 160 acres more, after the confirmation. The entry, after the confirmation, must yield to it. The entry made prior thereto being good and valid, a "float" for 160 acres, on account of this entry, was granted to Pettit.

It is difficult to see upon what ground the court below dismissed this bill. It is a mere trick for the defendant now to assert that he sold the " Cedar Cabin," but not the tract of land. At the time of the sale, it was in proof, that there were from ten to twenty acres of improvement and an old "Cedar Cabin" fifteen or sixteen years old, worth from fifteen to twenty dollars. Cravens paid Pettit for the Cedar Cabin four hundred dollars. Now, it is hard to make one believe that the old log house, worth fifteen or twenty dollars, was the thing bought by Cravens and sold by Pettit. No man could be found simple enough to *pay four hundred dollars* for an old worthless log house on the St. Francis river in 1832, though it was made of *cedar logs.* No man would "resign" all his "right, and title and interest, " in writing, to such a worthless commodity. It becomes obvious, at the first blush, that this old cabin was not the thing sold; it was the interest, title, and right to the "Cedar Cabin" tract of land. From the evidence in this case, there is no room to doubt this. The decree, then, dismissing the complainant's bill, is erroneous, and must be reversed, and this cause remanded to the Circuit Court, with directions to enter a decree for the complainant, vesting all the right, title, claim and interest under the confirmation, which Pettit obtained to the " Cedar Cabin" tract of land, mentioned in the bill of the said complainant, taking pains to ascertain it from the proof in the cause ; also, with directions to take an account of the value of the " float" for 160 acres, at the time it was issued to Pettit, and vest the title by the decree in the complainant and his heirs ; and that the money, the value of the "float," be paid to complainant, and that the defendant pay all the costs of this suit.

The other Judges concur herein.