————o————

GEORGE TETHEROW, Plaintiff in Error, *vs.* JOHN ANDERSON, Defendant in Error.

1. *Land titles—Description in deed—Sufficiency of.*—Where land was described in a conveyance as "block 52, in DeKalb Co.," and was known by that description by the parties and by residents in the neighborhood, the description was held sufficient to pass the title.

*Error to De Kalb Circuit Court.*

*S. G. Loring*, for Plaintiff in Error.

I. The deed was void for uncertainty. (Long vs. Wagner, 47 Mo. 180 ; Campbell vs. Johnson, 44 Mo. 250 ; Worthington vs. Hylyer, 4 Mass. 205 ; Lawson vs. Mead, Lalor [N. Y.], 158 ; Larrabee vs. Hodgskins, 58 Me. 413 ; Orr vs. How, 55 Mo. 328.)

II. The court erred in admitting evidence that the land was known as "block 52." There is no latent ambiguity in the deed. There was no evidence to be controverted that the description would apply to two localities. Hence, extrinsic testimony on this point was inadmissible. (Campbell vs. Johnson, *supra;* Hardy vs. Matthews, 38 Mo. 121.)

*J. D. Strong*, for Defendant in Error.

The parol evidence, showing that the land was known in the vicinage as " block 52," was proper. (Hart vs. Rector, 7 Mo. 531 ; Sanders vs. Perkins, 12 Mo. 260 ; see also 15 Mo. 309 ; 39 Mo. 500 ; Hardy vs. Matthews, 38 Mo. 121 ; 2 Greenl. Ev. § 293, and cases cited. )

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment, brought by the plaintiff, to recover the possession of a piece of land in De Kalb county, which was described in the petition by metes and bounds.

The answer admitted that defendant was in possession, but denied all the other allegations of the petition.

The plaintiff, to sustain his case, read in evidence a patent from the State of Missouri to the land in controversy, and then rested. The defendant, on his part, then introduced a warranty deed from the plaintiff to one Levi Tetherow for " block 52, in De Kalb Co., Mo.," and showed that the plaintiff put his grantee in possession under that conveyance, and that defendant held under this grantee through a regular chain of mesne conveyances. He further showed that the land was known by the parties and in the neighborhood, by the description of " block 52, in De Kalb Co., Mo.," as contained in the deed.

7—VOL. LXIII.

Plaintiff was sworn and testified that he had platted the ground and designated it as block 52, but the plat had never been recorded; and that he had previously sold it to the defendant's grantor by that description. This was all the evidence, and the plaintiff moved for an instruction that upon the pleadings and evidence he was entitled to recover. This the court refused, and instructed directly to the opposite, and the verdict was for the defendant.

The only ground urged for a reversal is, that the description was so uncertain and indefinite that nothing passed by the plaintiff's deed. This claim surely comes with a bad grace from the plaintiff, who acknowledges that he sold and conveyed the land by that description. But we entertain no doubt about the sufficiency of the description. It was known as block 52, by the grantor and grantees, and by those in the neighborhood who were acquainted with it, and there could be no possible difficulty in identifying it.

Judgment affirmed. All the other judges concurring except Judge Vories, who is absent.