MARVIN *et al.*, *Appellants*, v. ELLIOTT.

1. **Deed:** DESCRIPTION.    A deed conveying city property by lot numbers is not void for uncertainty, although the recorded pla shows no division of the blocks into lots; it appearing that the proprietors had always treated the blocks as divided into lots and that for many years the property had been assessed, conveyed and generally known by the lot numbers, and it is immaterial that the grantor was a married woman.

2. ———: ———: COMMON TITLE : NOTICE.    The deed, through which both the plaintiffs and defendant claim, describing the property, not only as the east half of the block, but also by the lot numbers, the plaintiffs are bound to take notice of its contents and of the fact that the property was known by the lot numbers.

3. **Ejectment:** PLAINTIFF'S CASE.    A plaintiff in ejectment must recover on the strength of his own title; he cannot recover on the weakness of defendant's title.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Charles E. Yeater* for appellants.

(1)  By the stipulation both parties must derive their title from the Cotton brothers and Margaret S. Watts successively, and, as their deeds refer to block six of Cotton Brothers' addition, the plat of that block is as much a part of those deeds as though it were drawn and set forth on their face, and, therefore, neither party can deny the validity of the plat ; and the plat of that block is in the same manner a part of the respective deeds of plaintiffs and defendant from said Margaret S. Watts and all deeds following in evidence.    Hence the court erred in refusing plaintiff's first declaration of law.    *Dolde v. Vodicka*, 49 Mo. 98;

*Caldwell v. Center*, 30 Cal. 539. (2) Defendant's
grantor's deed from Margaret S. Watts and her hus-
band to Eliza Gray, afterwards Carrico, describing the
premises as "Lots seven (7), eight (8), nine (9), ten (10),
of block six (6) of Cotton Brothers' addition," etc.,
is void, because it shows, on its face, that there are no
such lots, and, therefore, describes nothing, and pre-
sents a patent ambiguity, and it follows that parol
evidence to vary or explain this deed, or to show that
the tract in controversy was intended to be conveyed, is
inadmissible; (*b*) and the deed in addition is also void,
because it appeared that it had been materially altered.
Hence, the court erred in admitting the deed in evidence
and parol evidence to explain it, and in refusing plain-
tiff's second declaration of law. *Jennings v. Brizea-
dine*, 44 Mo. 332; *Nelson v. Brodhack*, 44 Mo. 603;
*Campbell v. Johnson*, 44 Mo. 247; *Hardy v. Matthews*,
38 Mo. 121; *Galland v. Jackman*, 85 Am. Dec. 172
(cases therein cited and note); *Pipes v. Hardesty*, 61
Am. Dec. 202. (3) Defendant's grantor's deed from
Margaret S. Watts and husband being the deed of a
married woman undertaking to convey her legal estate,
and failing to describe the property intended to be con-
veyed, is void, and a nullity, and no evidence to vary,
explain or reform it is admissible. Hence, the court
erred in admitting in evidence such deed and evidence
to explain it, and in refusing plaintiffs' second declara-
tion of law. *Shroyer v. Nickell*, 55 Mo. 264; *Meier v.
Blume*, 80 Mo. 184; *Atkison v. Henry*, 80 Mo. 153;
*Hord v. Taubman*, 79 Mo. 104. (4) In defendant's
chain of title the power of attorney from Thomas James
Gray to Eliza Gray, his wife, signed and executed by
him alone, and her deed conveying her legal estate in
pursuance thereof, are void; the former, because it is a
conveyance of a husband to a wife, and the latter,
because it is a conveyance of a wife of her real estate in
which her husband does not join. Hence, the court

erred in admitting in evidence the power of attorney and deed, and in refusing plaintiff's third declaration of law. R. S. 1879. secs. 669, 670, 3295; *Fisher v. Nelson*, 8 Mo. App. 91; *Walker v. Walker*, 25 Mo. 367; *Johnson v. Vandervoort*, 16 Neb. 144; *Joiner v. Franklin*, 12 Lea (Tenn.) 420; *Crooks v. Crooks*, 34 Ohio St. 610; *Powe v. McLeod*, 76 Ala. 418; *Dale v. Lincoln*, 62 Ill. 22; *White v. Wager*, 25 N. Y. 328; *Loomis v. Brush*, 36 Mich. 40. (5) The statute of limitations did not run in favor of the defendant in this case during the time the title was in Margaret S. Watts, a married woman, nor did it commence to run until the date of her conveyance to D. T. Hartshorn, plaintiffs' immediate grantor, which was June 8, 1878. Hence the court erred in refusing plaintiffs' fourth declaration of law. *Bradley v. Railroad*, 91 Mo. 493; *Dyer v. Brannock*, 76 Mo. 391; *Dyer v. Wittler*, 89 Mo. 81.

*Sangree & Lamm* for respondent.

(1) While appellants made many objections to respondent's evidence, yet no specific objections, nor the grounds of any objections, were preserved in the record. This omission is fatal to any right to have a court of review pass upon alleged errors in the admission of evidence by the trial court. *Parsons v. Railroad*, 94 Mo. 286; *Geer v. Redman*, 92 Mo. 375; *Bank v. Abernathy*, 32 Mo. App. 211. (2) The tract of land described in the petition, during all the time, was well and universally known to all in the neighborhood, by the description of "Lot 10, in block 6, of Cotton Brothers' addition to Sedalia, Missouri," and any one could locate it by that description. It was so known, designated and described by the parties to the deed from the common source of title. Hence the title passed by the deeds under which defendant claims. *Hart v. Rector*, 7 Mo. 531; *Charles v. Patch*, 87 Mo. 450;

*Tetherow v. Anderson*, 63 Mo. 96; *Orr v. How*, 55 Mo. 328; *Webster v. Blount*, 39 Mo. 500; *Means v. Lebeigne*, 50 Mo. 343. (3) Parol proof is admissible.to identify the subject of grant. *McBride v. Allman*, 53 Mo. 551; *Adkins v. Moran*, 67 Mo. 100; *Cravens v. Pettit*, 16 Mo. 210. (4) (*a*) Plaintiffs must show a paramount title to recover. They cannot rely on the weakness of defendant's title. Therefore, the question of the validity of the Gray (Carrico) deed to Richardson is not material to the issue. *Gravel Road v. Renfro*, 58 Mo. 265; *Foster v. Evans*, 51 Mo. 39; *Large v. Fisher*, 49 Mo. 307; *Knowlton v. Smith*, 36 Mo. 507. (*b*) But a wife can act as the agent of her husband and the deed is good. *Singleton v. Mann*, 3 Mo. 326; Story on Agency [2 Ed.] section 7; Martindale on Conveyancing [1 Ed.] section 233; *McKinley v. McGregor*, 3 Wharton, 369; *Felker v. Emmerson*, 16 Vermont, 653; *Edgarton v. Thomas*, 9 N. Y. 40; *Hopkins v. Mollineux*, 4 Wend. 465. (5) None of the deeds in either chain of title, directly in terms, refer to any plat. If, however, it should be conceded, that the record of a prior plat becomes, thereafter, a part of every deed to any of the parcels of land therein, though not referred to, yet, in order to have that effect, the record to be admissible in evidence should, at least, show that a plat had been filed prior to the execution of the deeds, properly executed, signed and duly acknowledged and the record duly attested as a true copy of some original. Hence, the record of the first alleged plat offered by plaintiffs should not have been admitted in evidence. *Dolde v. Vodicka*, 49 Mo. 96; R. S., secs. 6569, 6571 and 6573. (6) But, if admissible, then the lines and numbers, however made, showing twelve equal lots, numbered from 1 to 12 inclusive, in each block, as the record disclosed for many years, are presumed to have been placed on the plat prior to the record of the same and became a part of the plat, such as it was, and hence, of after deeds. *Paramore v. Lindsey*, 63 Mo.

63; *Holton v. Kemp*, 81 Mo. 661; *Smith v. Hutchinson*, 83 Mo. 683; *Boothby v. Stanley*, 34 Me. 515; *McCormick v. Fitzmorris*, 39 Mo. 24; *Miliken v. Martin*, 66 Ill. 13; *Jorden v. Boyce*, 33 Mich. 302.

BLACK, J.—This is an action of ejectment for a parcel of ground described by metes and bounds. It is shown to be the same land claimed by the defendant by the description of lot 10 in block 6 of Cotton Brothers' addition to the city of Sedalia.

The Cotton brothers and one Strait, who were the proprietors of the addition, by a deed dated October 21, 1867, and recorded on the twenty-third of the same month, conveyed to Margaret S. Watts "the east half of block number 6, or all of lots 7, 8, 9, 10, 11 and 12 in said block in Cotton Brothers' addition." Mrs. Watts and her husband, by their warranty deed dated the twenty-sixth of November, 1867, and recorded on the twenty-eighth of the same month, conveyed to Eliza Carrico lots 7, 8, 9 and 10 of block 6, in the east half of said block of Cotton Brothers' addition. The defendant acquired lot 10 by several mesne conveyances. Mrs. Carrico, the defendant, and the intermediate purchasers under this chain of title have had possession since October, 1867. On the eighth of June, 1878, Mrs. Watts and her husband made a quitclaim deed to Hartshorn, for the recited consideration of one dollar, to "the east half of block 6, in Cotton Brothers' addition;" and he conveyed to the plaintiffs.

It will be seen the plaintiffs and defendant all claim under Mrs. Watts, the defendant under possession and a deed which antedates more than ten years the quitclaim deed under which plaintiffs set up title. To defeat this elder title, the plaintiffs put in evidence the recorded plat of said addition, from which it appears the addition was laid off into blocks two hundred and seventy feet square, divided by lines running north and south, thus dividing each block into two parts; but the

parts are not by this plat laid off into lots. It also appears that in 1869, after the date of the deed from Mrs. Watts to Mrs. Carrico, the proprietors replatted the addition, and thereby laid off the blocks into twelve lots each; but this second plat did not cover the east half of block 6. The evidence for defendant shows beyond all doubt that the proprietors of the addition, before they filed the second plat, treated the block as having been divided into lots, and made many conveyances by the designation of lots and blocks; that each block was understood to contain twelve lots, those in the west half numbered from 1 to 6, and those in the east half from 7 to 12; that for many years pencil lines appeared upon the first recorded plat showing this division of the blocks into lots; that the east half of block 6 was well known as lots 7, 8, 9, 10, 11 and 12 in block 6; that the east half was assessed and for years conveyed by a simple reference to the lot; and that the lot in dispute was well known as lot 10 in block 6.

On this evidence the plaintiff insists that the deed from Mrs. Watts to Mrs. Carrico, conveying four of the lots by their numbers, must be read in connection with the recorded plat; and, as the plat does not show any such lots, the deed is void for uncertainty. The law is well settled that land may be conveyed by a description or appellation by which it is well known in the neighborhood, and that parol evidence will be received for the purpose of showing that it is well known by the description by which it is designated in the deed. *Cravens v. Pettit,* 16 Mo. 210; *McPike v. Allman,* 53 Mo. 551; *Tetherow v. Anderson,* 63 Mo. 96 ; *Charles v. Patch,* 87 Mo. 450. Such a description being good, it is a matter of no consequence whatever that the grantor is a married woman.

Now it will be seen that the proprietors of the addition conveyed the land to Mrs. Watts by a double description, namely, the east half of block 6, or lots 7,

8, 9, 10, 11 and 12 in block 6. The plaintiffs, as well as the defendant, claim through this deed, and were bound to take notice of its contents, and were bound to know that the property was known by the number of the lots. The particular parcel in question is shown to have been well known as lot 10 in block 6, and there can be no doubt but the deed from Mrs. Watts to Mrs. Carrico conveyed the property.

Some objections are made to the deed from Mrs. Carrico to Richardson, through which defendant derives title; but if the deed from Mrs. Watts to Mrs. Carrico conveyed the property, as we hold it did, then Mrs. Watts had nothing left, and the objections are immaterial. The plaintiffs must recover on the strength of their own title, and not the weakness of defendant's title from Mrs. Carrico. This appeal is without one particle of merit, and the judgment is affirmed. All concur.