BOLLINGER COUNTY, *Plaintiff in Error*, v. McDOWELL.

1. **Deed**: DESCRIPTION OF PREMISES : PAROL EVIDENCE.  Where the description of the premises in a deed is ambiguous, parol evidence is admissible to show that a certain body of land in the county had been long known in that locality by that description; that it had been previously conveyed by persons in privity with defendant by the use of language substantially the same, and also to show the popular name of the tract and the location on the ground of the monuments mentioned in the deed.

2. ——— : ———.  It is not essential to a description of a tract of land conveyed in a deed that its position with reference to township and section lines should be established.  It may be defined by monuments or boundaries or sometimes by a yet more general description.

3. **Deed, Exceptions in** : EVIDENCE.  Where in the description of land in a deed, certain parts of it, stated to have been previously sold, are excepted from the conveyance, recorded deeds of the vendor of the parts so previously sold are admissible in evidence to show the exact extent of the exceptions.

*Appeal from Bollinger Circuit Court.*—HON. JAMES D. Fox, Judge.

REVERSED AND REMANDED.

*W. K. Chandler*, Prosecuting Attorney, and *Moses Whybark* for plaintiff in error.

(1)  The mortgage offered in evidence being a deed *inter partes* is not void for uncertainty of description. *Cravens v. Pettit*, 16 Mo. 210; *Evans v. Green*, 21 Mo. 170; *Charles v. Patch*, 87 Mo. 450; *Clemens v. Rannels*, 34 Mo. 579; *Cato v. Stewart*, 28 Ark. 146; *Meyer v. Mitchell*, 75 Alabama, 475; *Sikes v. Shows*, 74 Alabama,

382; *Blake v. Doherty*, 5 Wheaton, 359; 3 Washburn Real Property [4 Ed.] side page 632, chapter 5, sec. 4, pars. 44 and 45; Tiedeman on Real Property, sec. 832. (2) Parol evidence was admissible to show the location of the land on the ground that its reputation was well known by the description in the mortgage, and that it is the same land described in the petition. *Means v. La Vergne*, 50 Mo. 343; *Long v. Higginbotham*, 56 Mo. 246; *Hardy v. Matthews*, 38 Mo. 122; *Orr v. How*, 55 Mo. 328; *Gatewood v. House*, 65 Mo. 663; *Shewalter v. Pirner*, 55 Mo. 230; *Livingston Co. v. Morris*, 71 Mo. 603; *Adkins v. Moran*, 67 Mo. 100; *McPike v. Allman*, 53 Mo. 551; *Baldwin v. Shannon*, 43 N. J. L. 596; *Thornell v. Brockton*, 141 Mass. 151; *Baucum v. George*, 65 Alabama, 259. (3) The sheriff's deed in partition related back to the partition sale. Peter Yount was the purchaser at the partition sale, one of the grantees in the partition deed, and one of the mortgagors in the mortgage offered in evidence. R. S. 1879, secs. 3376 and 3377; *Holladay v. Langford*, 87 Mo. 577; *Winfrey v. Work*, 75 Mo. 55; *Vancourt v. Moore*, 26 Mo. 92; *Porter v. Mariner*, 50 Mo. 364; *Leech v. Koenig*, 55 Mo. 451; *Lewis v. Curry*, 74 Mo. 49. (4) Peter Yount could, before the sheriff deed was executed, transfer an interest in the land purchased, and the sheriff could then make a deed to him and his purchasers jointly, as was done in this case. *Chapman v. Dougherty*, 87 Mo. 617; *Cravens v. Jordon*, 33 Mo. 287; *Herryford v. Turner*, 67 Mo. 296; *Massey v. Young*, 73 Mo. 260; *Miller v. Bledsoe*, 61 Mo. 96.

*M. R. Smith* for defendant in error.

(1) The mortgage through which plaintiff claims title failed to show that Mary A. McDowell was the grantor, instead of her husband, and that it was her property to be conveyed, and not his, and for such failure said mortgage can convey no legal title belonging to Mary A. McDowell. *Whiteley v. Stewart*, 63

Mo. 360; *Bradley v. Railroad*, 91 Mo. 498; *Atkinson v. Henry*, 80 Mo. 153; *Shroyer v. Nickell*, 55 Mo. 264; 7 Cent. Law Jour. 182, and cases cited. (2) The heirs of Peter Yount, deceased, and Sarah Statler, deceased, and Conrad Statler, husband of said Sarah Statler, should have been made parties as pleaded in defendant's answer. 1 Blackstone, book 2, pp. 180, 192; 4 Wait's Act. & Def., pp. 172 and 173. The possession of one tenant is the possession of all. 4 Wait's Act. & Def., pp. 178-9 and 182; *Warfield v. Lindell*, 38 Mo. 561. Tenants in common should be sued jointly. 4 Wait's Actions and Defenses, p. 182; Green and Myer's Practice, secs. 755 and 765. To recover the entire possession all must be joined. Sedgwick and Wait on Real Actions, sec. 300; *Gray v. Givens*, 26 Mo. 291-303; *Falconer v. Roberts*, 88 Mo. 578. At common law one joint tenant could not sue, or be sued alone. Wait and Sedgwick on Real Actions, sec. 302; Bac. Abr. Joint Tenants "K," secs. 187-9. Such must be the rule, yet, unless changed by statute, the statute requires that the plaintiff must show on the trial that defendant actually ousted him. R. S. 1879, sec. 2248; *Forder v. Davis*, 38 Mo. 114. (3) The description of the premises in the mortgage is so ambiguous and uncertain as to be fatally defective; the ambiguity is patent, not latent, and hence parol evidence is not competent to explain it or identify the land. *Davis v. Davis*, 8 Mo. 58; *Campbell v. Johnson*, 44 Mo. 250; *Hardy v. Matthews*, 38 Mo. 124; 1 Sugden on Vendors, p. 169. The following are some of the cases in Missouri declaring deeds void for uncertainty of description, amounting to patent ambiguities: *Evans v. Ashley*, 8 Mo. 184, 185; *Davis v. Davis*, 8 Mo. 58; *Clemens v. Rannels*, 34 Mo. 579; *Campbell v. Johnson*, 44 Mo. 247; *Holme v. Strautman*, 35 Mo. 303; *Jennings v. Brizeadine*, 44 Mo. 332; *Carter v. Holman*, 60 Mo. 504; *Bell v. Dawson*, 32 Mo. 87. The ambiguity in this description arises upon the face of it and must therefore be a patent ambiguity. 1 Greenleaf Ev., sec. 297;

*Bradshaw v. Bradbury,* 64 Mo. 334; *Livingston Co. v. Morris,* 71 Mo. 603.

BARCLAY, J.—This is an action of ejectment in which there was a judgment for defendant in the trial court, to reverse which plaintiff has brought this writ of error.

Plaintiff's claim of title rests on a mortgage (over due) in which the land conveyed is thus described:

"The following described lots, tracts or parcels of land lying, being and situated in the said county of Bollinger and state of Missouri, to-wit: Beginning on a Spanish oak. Thence south nine degrees east, thirty-five chains to a hickory. Thence north eighty-one degrees east, sixty-three chains to a white oak. Thence north nine degrees west, thirty-five chains to a stake, and thence south eighty-one degrees west, sixty-three chains to the beginning, containing, in all of the above description, two hundred and forty-two acres and a half. Except, however, all that portion of said tract of land which lies on the west side of Whitewater, a stream of water running through said tract as above described, and also seven acres more of said tract lying on the east side of Whitewater, which said parts so excepted were sold off by Henry Yount, senior, during his lifetime, leaving one hundred and forty-two acres and a half remaining in said tract, and all lying on the east side of said Whitewater."

The circuit judge who tried the case ruled that this description was so vague and uncertain as to render the deed void, and excluded the parol evidence offered to elucidate it. This ruling is decisive of the case on the present record.

The mortgage in question was made by several parties, including defendant, to secure payment of a school-fund bond also executed by defendant and others to the county of Bollinger. Both are in the usual forms employed by counties in making loans of public school moneys.

It is to be noted at the very outset that this action is directly between the immediate parties to the conveyance, and what is said in the course of the opinion should be understood as limited to the exact case thus presented.

That parol evidence is sometimes admissible to clear up ambiguity in the descriptive part of a deed is elementary law, but the difficulty of determining in what particular cases such evidence should be admitted has not been entirely removed by such rules as the adjudged cases on the subject may be said to establish.

Examining the description in the deed here in question, without the aid of any extrinsic evidence, we find that it furnishes the following materials for the identification of the land:

The tract is in Bollinger county, Missouri. It is included within four lines. Its shape is an oblong square, thirty-five chains north and south, and sixty-three chains east and west. Its northwest corner is a Spanish oak; its southwest corner a hickory; its southeast corner a white oak, and its northeast corner a stake. The area of these boundaries is two hundred and forty-two and one-half acres. Whitewater is a stream flowing through it. That part of the tract on the west side of Whitewater is excepted, as well as seven acres more on the east side of Whitewater. These excepted portions were sold off by Henry Yount, Sr., during his lifetime. One hundred and forty-two and a half acres remain in the tract, and are conveyed, all on the east side of Whitewater.

To supplement it, plaintiff offered evidence tending to show that a certain body of land in the county had been long known in that locality by that description; that it had been previously conveyed by parties in privity with defendant by the use of language substantially the same; that the tract was also popularly known

in the vicinity as Henry Yount's land; and further show-
ing the location on the ground of the monuments men-
tioned in it. This evidence was excluded but we think
it should have been admitted.

It is not essential to a description of a tract of land
that its position with reference to township or section
lines should be established. It may be defined by
monuments or boundaries or sometimes by yet more
general description. The touchstone of validity is,
does the description indeed describe? If it does, it is of
little moment what form is chosen for the purpose. If
a certain tract of land is generally known in the com-
munity by a particular designation that fact may be
developed to explain a deed in which it has been used as
a description to pass the title. This we held where the
only descriptive words were "Cedar Cabin," but other
evidence disclosed that a definite tract of land generally
was known thereabout by that name, though at first
glance, unexplained, such language would seem to
apply only to a building (*Cravens v. Pettit* (1852), 16
Mo. 210). The same view was taken by the house of
lords where the words "all my estate in Shropshire,
called Ashford Hall" were used (*Ricketts v. Turquand*
(1848), 1 H. L. Cas. 472).

It is not necessary to multiply illustrations on this
point, as the subject has been considered here quite
recently and fully. *Hammond v. Johnston* (1887), 93
Mo. 198.

In the case before us, much of plaintiff's excluded
evidence tended to show that the description in the
mortgage had been generally applied to the land for
years by the owners and the public. Others parts of it
tended to identify the land as that described in the peti-
tion, and to show acts of the parties indicating their
interpretation of the description to the same effect now
claimed by plaintiff.

The plaintiff also tendered evidence of the recorded
deeds made by Henry Yount, Sr., in his lifetime to

show the exact extent of the exceptions recited in the principal instrument, and thus define with entire precision the tract in dispute. All this evidence was excluded in harmony with the theory which the trial court applied to the case. We consider that the court erred in that ruling, and accordingly all agree to reverse the judgment and remand the cause for retrial.