CHAS. F. SAILOR, Appellant, v. R. E. GILFILLAN, Respondent.

Kansas City Court of Appeals, January 10, 1898.

Contracts: DAMAGES FOR FAILING TO CONVEY: DESCRIPTION OF LAND. In an action for damages for breach of contract to convey land the following description is held sufficient: "His farm of 79 3-4 acres, seven and one half miles east of Schell City, Mo., known as the Ed. Story farm."

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*F. Childs* for appellant.

Plaintiff cites the following authorities as in his opinion sustaining his position: *Cravens v. Pettit*, 16

Mo. 210; *Hogan v. Page*, 22 Mo. 55; *Schultz v. Lindell*, 40 Mo. 330; *Gitt v. Eppler*, 56 Mo. 138; *Norfleet v. Russell*, 64 Mo. 176. Where land with reference to which a contract is made is in the writing designated neither by metes or bounds or by numbers, but only by words designating its proximity to other lands, this is sufficiently explicit, if the words are precise enough to render it capable of identification. Greenleaf on Evidence, 268; 3 Atk. 503; 3 Taunt. 169; *Moore v. Mountcastle*, 61 Mo. 424; 7 Mo. App. 176; 55 Mo. App. 376; 63 Mo. 461.

*W. M. Bowker* for respondent.

A contract for the sale of land, in order to comply with the statute of frauds, must sufficiently describe the land to locate it without a resort to parol testimony. The writing must be the guide to find the land; if it is not, the contract is fatally defective. *Scarrett v. M. E. Church*, 7 Mo. App. 174; *Schroeder v. Taaffe*, 11 Mo. App. 267; *Ivory v. Murphy*, 36 Mo. 535; *Weil v. Willard*, 55 Mo. App. 376; *Fox v. Courtney*, 111 Mo. 147; *Ringer v. Holtzclaw*, 112 Mo. 519; *Boyd v. Paul*, 125 Mo. 9.

ELLISON, J.—This action is for damages charged to have accrued to plaintiff by reason of defendant refusing to comply with his written contract to convey to plaintiff a tract of land. The trial court held the contract to be void for uncertainty of description. Plaintiff appealed.

The description is as follows: "That R. E. Gilfillan, party of the first part, has this day sold to Charles F. Sailor his farm of 79 3-4 acres, seven and one half miles east of Schell City, Mo., known as the Ed. Story farm."

The view taken by the circuit court was, we think, erroneous. The contract itself, aside from matter of description, was amply sufficient under the rulings made in *Ringer v. Holtzclaw*, 112 Mo. 519, and *Rucker v. Harrington*, 52 Mo. App. 481. And the description was sufficient for the purpose of maintaining plaintiff's action for breach of contract. Descriptions less definite than this have been held sufficient to sustain the validity of a contract of conveyance. *Cravens v. Pettit*, 16 Mo. 210.

Points of description may be explained (in the way of identification) by parol evidence, and we assume that it can be shown that the tract of land in controversy belonged to this defendant and that it was "known as the Ed. Story farm." *Ballinger Co. v. McDowell*, 99 Mo. 632; *Hammond v. Johnstone*, 93 Mo. 198. In the latter case will be found a review of the authorities on the subject. The land is described to be a certain number of acres, a certain distance east of Schell City, Missouri, and known as the Ed. Story farm. The contract, therefore, locates the land, and with the aid of parol evidence, the description given can be applied to the exact tract intended by the parties.

The judgment is reversed and the cause remanded. All concur.