**A.P. GREEN REFRACTORIES CO., Appellant,**

v.

**Larry K. DUNCAN and Margaret A. Duncan, Respondents.**

**No. 46981.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 27, 1983.

Lowell R. McCuskey, Linn, James S. McClellan, St. Louis, for appellant.

John B. Berkemeyer, Hermann, for respondents.

CRANDALL, Presiding Judge.

This case involves a civil action to reform a deed brought by plaintiff, A.P. Green Refractories Co., appellant herein, against defendants, Larry K. Duncan and Margaret A. Duncan, respondents herein. Defendants' motion to dismiss on the ground that the action is barred by the statute of limitations was sustained by the trial court. This appeal ensues. We reverse and remand.

The question presented is when did the cause of action accrue in this case. The parties agree that the action is governed by the ten-year statute of limitations. § 516.-110, RSMo (1978). The commencement of that period is governed by § 516.100, RSMo (1978) which provides that, for the purposes of the statute of limitations, "the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment . . . ."

Because the action was dismissed on the pleadings, we review the pleadings in the light most favorable to the plaintiff, accepting as true the facts as pleaded, together with all reasonable inferences arising therefrom. *Wilson v. General Mortgage Co.,* 638 S.W.2d 821, 822–23 (Mo.App.1982).

Viewed by this standard, the ascertainable facts are that both parties claim their interests from William G. Thoms and Ora G. Thoms. Prior to November 1, 1955, the Thoms, husband and wife, owned the property and mineral rights in question as tenants by the entirety. On that day, they executed a mineral deed to Laclede Christy Company. The deed purported to convey a clay deposit known as Thoms Pit No. 1, which the parties further attempted to identify by a metes and bounds description. The metes and bounds description was erroneous and did not include Thoms Pit No. 1. Laclede Christy conveyed its interest to H.K. Porter Company, Inc., in 1959. H.K. Porter Company, Inc., conveyed its interest to plaintiff A.P. Green Refractories Co. on May 30, 1973. The deeds to H.K. Porter Company and A.P. Green Refractories contain the same description as the deed from the Thoms to Laclede Christy. The defendants claim the surface rights to the property under a deed dated October 23, 1976, from the executors of the Estate of William G. Thoms.

In February 1981, the Duncans prepared to subdivide the property. At that time, and for the first time, the error in the metes and bounds description was discovered. Plaintiff then brought this suit, in April 1982, to reform the 1955 deed to include a correct metes and bounds description of Thoms Pit No. 1 and for other appropriate relief.

Plaintiff argues that the reference to Thoms Pit No. 1 was a sufficient legal description to pass title, and that the misdescription was a mere "technical breach." Thus, there was no "damage sustained" until respondents, in 1981, attempted to interfere with plaintiff's ownership of the mineral rights. Defendants, on the other hand, claim that the action to reform the deed accrued in 1955, because no interest passed when the deed was executed. Rather than a mere "technical breach," they contend that there was "damage sustained" that was "capable of ascertainment" because the misdescription prevented any interest from passing.

Estates in mineral rights may be created and severed from the fee estate. Because this creates an interest in land, it must be accomplished by an instrument sufficient to convey an interest in land. The mineral estate is then subject to the ordinary rules of law governing title to real property. *See generally,* 1A G. Thompson, Commentaries on the Modern Law of Real Property, §§ 160, 161, 168 (repl.1980). We therefore construe the mineral deed as we would any instrument conveying an interest in real property.

Property may be conveyed by a description in the deed that uses a tract name, as well as by a metes and bounds description. *Settles v. Scott,* 211 S.W. 35 (Mo. 1919). The reference to the tract name will be sufficient to pass title so long as the property can be identified by that name. *Id.; Tetherow v. Anderson,* 63 Mo. 96 (1876). Thus, the mere reference to Thoms Pit No. 1 may have been legally sufficient to pass title.

At the very least, the conveyance from the Thoms to Laclede Christy Company was sufficient to create a separate mineral estate as between the Thoms and Laclede Christy and its successors in interest. *See Sargent v. Coolidge,* 399 A.2d 1333, 1343 (Me.1979). In construing the mineral deed in question, we are guided by the underlying principles of law which favor a construction which makes a deed operative, *Mizell v. Osmon,* 354 Mo. 321, 189 S.W.2d 306, 311 (1945) and which construe a deed most strongly against a grantor and in favor of a grantee. *Id.; Cravens v. Jolly,* 623 S.W.2d 569, 572 (Mo.App.1981). It is therefore clear that any "breach" at the time of the 1955 conveyance was at most a "technical breach." No damage was sustained until the Duncans evidenced an intent to use that misdescription to interfere with the plaintiff's use of the mineral estate.

Although we have not been cited to cases dealing with mineral deeds, we note that the general rule is that the statute of limitations for reformation will not run against a party in possession, at least until his right to possession has been challenged. *See*

*Bramhall v. Bramhall,* 216 S.W. 766, 769–70 (Mo.1919); 54 C.J.S., Limitation of Actions, § 124 (1948); *Cf. Rebmann v. Rebmann,* 384 S.W.2d 663, 666 (Mo.1964). There have been no allegations that any earlier challenge was made to plaintiff's title to the mineral estate or to the title of its predecessors in interest. Thus, there is nothing in the pleadings which would give rise to a finding that the statute had commenced to run until 1981.

The judgment of the trial court is therefore reversed, and the cause is remanded for further proceedings.

REINHARD and CRIST, JJ., concur.