BREWINGTON, *Appellant*, v. JENKINS.

1. **Evidence**: PLAT: MEMORANDUM. A plat which has not been executed or acknowledged as the law requires, can have no intrinsic value as a legal plat or record, and is not competent evidence to establish the location of a disputed line. But where the evidence tends to show it has been referred to in descriptions contained in deeds already introduced, it should, with other pertinent evidence, be admitted as a memorandum tending to locate the several parcels of land designated.

2. **Practice**: EVIDENCE: DEMURRER. There being evidence to establish both sides of an issue, whether much or little, the legal right to take the verdict of a jury upon it, cannot be denied.

*Appeal from Hannibal Court of Common Pleas.*—HON. THEO. BRACE, Judge.

REVERSED.

*T. H. Bacon* for appellant.

(1) The court erred in excluding the certified copy of the plat in identification of the lines of the out-lots mentioned in the deeds. On this plat the north and south lines dividing lots two, three and four on the west, and lots five, six and seven on the east, also separated therein the abbreviation "qr." on the west from the abbreviation "sec. twenty" on the east thereof, thus showing the lot lines coincident with lines of sectional division. In the deed of Stephen Glascock and the partition deeds of his grantees these lots were located in said northwest quarter, and the evidence identifying said plat as a diagram of the lots referred to was sufficient to warrants its admission. A deed of lots on an unrecorded plat will convey the title (*Mason v. Pitt*, 21 Mo. 189), and the lines in the plat must yield to the deeds. *Mincke v. Skinner*, 44 Mo. 92; *Neenan v. Smith*, 50 Mo. 525. The tax receipts *prima facie* established the boundaries of the

out-lots.  *St. Louis, etc., v. Risley,* 40 Mo. 356.  So the popular recognition of the lots is sufficient to identify them.  *Shewalter v. Pirner,* ,55 Mo. 218; *Webster v· Blount,* 39 Mo. 500.  (2)  The court erred in sustaining the objection to the question to defendant as to his· knowledge of the location of the north and south center line of section twenty.  (3)  The court erred in instruct-ing the jury to find absolutely for the defendant, and in overruling motion to set aside non-suit.  *Kelley v. Hannibal, etc.,* 70 Mo. 604, 605; *Woods v. Atlantic,* 50 Mo. 112, 116, top.

*D. H. Eby* for respondent, filed no brief.

DEARMOND, ' C.—This is an action of ejectment against David Jenkins for four acres of land just inside the corporate limits of the city of Hannibal.  Plea gen-eral denial, the ten year statute of limitations, and ad-verse possession by defendant, Jenkins, since 1866. Judgment for defendant and appeal by plaintiff.  Since the appeal defendant, David Jenkins, died, and his heir, Rose E. Jenkins, and his 'widow, Sylvania Jenkins, have succeeded him as parties defendant.

Plaintiff introduced documentary evidence tending to show title in himself to lots ten, eleven' and twelve, as a designated part of the northeast quarter of section twenty, township fifty-seven, range four, west, and in de-fendant, David Jenkins, to lots five and six, as being in the northwest quarter of the same section and immedi-ately west of and adjoining said lots eleven and twelve. He claimed that defendant's fence was one hundred and twenty-six feet east of the true line between their re-spective lots, and for the strip, 1320 feet long from north to south, and one hundred and twenty-six feet wide from east to west, he sued.  He introduced oral evidence tend-ing to show the location of the tracts designated as lots ten, eleven and twelve, and of those designated as lots five and six, and that the dividing line aforesaid ran through defendant's enclosure, one hundred and twenty-six feet

west of defendant's fence. He also introduced tax receipts showing that he and those under whom he claimed had for many years paid the taxes on all the lots in the northeast fractional quarter of said section twenty. Also evidence tending to show that defendant recognized that his fence was beyond his line, and that he had no right to such portion of his inclosure as lay east of the north and south center line through said section twenty, and had asked that he be not required to move his fence in saying that he would buy the northeast quarter of section twenty, whenever it was put on the market. The plaintiff offered in evidence a certified copy of an old plat, filed for record and recorded in the recorder's office in Marion county in 1847. This plat was not made by any owner of the lands platted, nor was it acknowledged by anybody. It purported to have been made and filed by one Draper, as agent, and "for reference." It showed sub-divisions of a section twenty and adjoining sections, corresponding in numbers and relative location, and to some extent in area, to the lots above mentioned, but it did not specify in what township or range the sections or lots were situated. It gave corners, trees, monuments, etc., in the way usual in surveys. This plat was rejected.

David Jenkins, testifying in his own behalf, said he bought his property in 1866, and that his east fence was then, and ever since had been, in the place where it was at the time of the trial. That he understood the east fence was on the line, and bought with that understanding. That ever since his said purchase he had occupied and used the land in dispute, openly, as his property, and had never recognized the right of anyone to claim it against him. He introduced other evidence tending strongly to support his plea of open, continuous, adverse possession from the date of his purchase, in 1866. At the conclusion of the evidence the court gave this instruction :

"The court instructs the jury that upon the whole

Brewington v. Jenkins.

of the testimony in this cause the plaintiff cannot recover, and they will find for defendant.''

I.   The rejected plat, not having been executed or acknowledged as the law required, could not have intrinsic value as a legal plat or record.   It was not competent evidence to establish the location of the disputed line. But, the evidence tending to show that reference was made to it in descriptions contained in deeds already introduced, it should, as a memorandum, have been admitted with other pertinent evidence, as tending to identify and locate the several parcels designated as lots five, six, eleven and twelve.

II.   The evidence on the part of defendant, David Jenkins, tended very strongly to establish title in him, at least by adverse possession.   But other evidence tended to show that his long occupation of the disputed territory was not adverse, but subordinate to the recognized right and title of plaintiff's grantors.   That he had recognized their superior title and had held by sufferance, or as under a license from them.   It is not material what we might conclude upon a consideration of all this evidence.   There being evidence, much or little, each way, the legal right to take the verdict of a jury upon it cannot be denied.   Nor can we assume that to the jury the evidence in this case would have appeared as it so clearly did appear to the court.   *Smith v. Hutchison*, 83 Mo. 683.

The judgment should be reversed and the cause remanded.   All concur.