## PARKER-WASHINGTON COMPANY, Respondent, v. CHARLES E. BRADLEY, Appellant.

St. Louis Court of Appeals. Argued and Submitted May 7, 1917. Opinion Filed June 6, 1917.

1. **APPELLATE PRACTICE:** Conclusiveness of Findings. The finding, in an action at law tried by the court without a jury, is conclusive, on appeal, if there is substantial evidence to sustain it and the conclusion on the facts is sound in law.

2. **SPECIAL TAXBILLS:** Assessment: Lots Shown on Unrecorded Plat. Although a plat of a subdivision, showing streets, lots and blocks, was never signed, acknowledged or filed, as required by sections 10290 to 10297, R. S. 1909, nevertheless a special taxbill for local improvements, levied against numbered lots shown on such plat, was not invalid on the ground there were no such lots and the assessment was, therefore, irregular, where the owner of the land in question knew about the unrecorded plat and, by his actions, recognized the land as being divided into lots, in accordance with, and numbered as shown on, such plat.

3. ————: ————: ————: Sufficiency of Evidence. In an action on such a special taxbill, evidence *held* to establish that defendant landowner knew about the unrecorded plat and, by his actions, recognized his land as being divided into lots, in accordance with, and numbered as shown on, such plat; and hence it is *held* that the assessment against such lots by their numbers as designated on such plat was correct.

4. ————: Charter of City of St. Louis: Construction of Special Statute of Limitations. The word "paid" in that part of section 25 of article 6 of the Charter of the city of St. Louis, providing that, where special taxbills are not paid in installments, the lien thereof shall terminate within two years after their date, should be read "payable," making said provision read, "that where bills are not *payable* in installments, the lien shall terminate within two years after their date;" following Fruin v. Meredith, 145 Mo. App., 586.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Schnurmacher & Rassieur* and *Robert Burkham* for appellants.

(1) Appellant's property was not properly assessed as lots for it was not shown as such by a recorded plat. Art. 6, sec. 14, St. Louis Charter; Paving Co. v. McManus, 244 Mo. 184; The Collier Estate v. Western Paving and Supply Company, 180 Mo. 362; Granite Co. v. Realty and Investment Co., 259 Mo. 153. (2) Appellant's property was not properly assessed as two lots, for it had never been used as such. Art. 6, sec. 14, St. Louis Charter; State ex rel. Skrainka Construction Co. v. St. Louis, 211 Mo. 591; State ex rel. Granite-Bituminous Pav. Co. v. Reber, 234 Mo. 110. (3) There are no facts in the record which estop appellant to deny that the property should be treated as but two lots. Granite-Bituminous Paving Co. v. McManus, 244 Mo. 184. (4) The first six installments of the taxbills in suit are barred by limitation. Art. 6, sec. 25, St. Louis Charter.

*Luke E. Hart* and *Richard C. Hart* for respondent.

(1) Pitzman's survey is a record. R. S. 1909, secs. 11300 and 11293; R. S. 1879, secs. 7374 and 7381; Hopper v. Hickman, 145 Mo. 411, 415; Carondelet v. St. Louis, 29 Mo. 527; State v. Patton, 62 Mo. 388; St. Louis v. Calhoun, 222 Mo. 411, 415; McGinnis v. City, 157 Mo. 191, 197; Mieners v. St. Louis, 130 Mo. 274, 284; Bambrick v. Semple, 193 S. W. 543. (2) Defendant is estopped to deny the Pitzman plat and subdivision. McGinnis v. St. Louis, 157 Mo. 191, 197; Taylor v. Zepp, 14 Mo. 482; Baker v. Vanderburg, 99 Mo. 390; Gamble v. City, 12 Mo. 617; McLemore v. McNeley, 56 Mo. 556, 561; Meiners v. St. Louis, 130 Mo. 274; 2 Herman on Estoppel and Res Judicata, sec. 1174. (3) Defendant's ground was properly treated as two lots. State ex rel.

v. Reber, 234 Mo. 110; Railroad v. Miller, 115 Mo. 159; Collier v. Paving Co., 180 Mo. 362; Meier v. St. Louis, 180 Mo. 311; Burnett v. School, 61 Mo. App. 542; Bambrick v. Semple, 193 S. W. 543. (4) The benefit district was properly defined. Art. 6, sec. 1, par. 4, City Charter 1876; Art. 6, sec. 14, par. 8, City Charter, 1876. (5) The parcels of ground can be identified by the description in the taxbills; therefore, the special tax bills are valid and the judgment should be paid. Brown v. Walker, 11 Mo. App. 126; Brown v. Walker, 85 Mo. 262; State v. Rau, 93 Mo. 126; Heman Const. Co. v. Levy, 64 Mo. App. 430; Adkins v. Quest, 79 Mo. App. 36; St. Louis v. Koch, 169 Mo. 587; St. Louis v. Calhoun, 222 Mo. 44, 54; Bambrick v. Semple, 193 S. W. 543. (6) Plaintiff is entitled to payment and defendant cannot complain of over assessment until he tenders the amount due. State ex rel. Stifel v. Flad, 26 Mo. App. 500; Overall v. Ruenze, 67 Mo. 203, 207; Dickhaus v. Olderheide, 22 Mo. 76, 79; Sheahan v. Owens, 82 Mo. 465; Bambrick v. Semple, 193 S. W. 453. (7) No part of the taxbills was barred by limitation. Fruin v. Meredith, 145 Mo. App. 586; Barber v. Meservy, 103 Mo. App. 186.

REYNOLDS, P. J.—This is an action upon two special taxbills, one issued against lot 68, the other against lot 69, in city block 4584 of the city of St. Louis, both lots owned by defendant, each taxbill dated April 1, 1903, the first against lot No. 69 for $768.16, the second against lot No. 68, in the same block, for $768.13, the taxbills being divided for payment into seven installments as provided by the ordinance and charter of the city. Judgment is prayed for these several amounts with interest on the installments, first at six per cent. per annum, then at eight per cent. per annum, as provided by the Charter.

The answer of defendant, after a general denial, in substance denies that he is the owner of any lots of ground described or designated as lots No. 68 or 69 in city block 4584, and avers that that block has never been

subdivided or platted into lots and that there are no such lots as 68 and 69 in that block. He further avers that at different times he purchased four separate and different tracts or parcels of ground in this block, acquiring the title to these several tracts from five different grantors and that he has never used these four several tracts or parcels of ground, as one lot of ground or as two lots of ground, but on the contrary has at all times since his acquisition of the several tracts used them and is now using them as five different tracts and that by his purchases he had become the owner of four different tracts of ground of various and different fronts and various and different shapes and areas, aggregating together on Washington boulevard one hundred and fifty feet, six inches, more or less, but that neither by deed or by actual use has he ever thrown together these several tracts as two lots of seventy-five feet front each. He further avers that these tracts, so by him acquired, extend southwardly from the south line of Washington boulevard to the north line of an alley running east and west through city block 4584, but that by actual use by defendant the several tracts referred to are not used as single lots for their entire depth, and, as used, do not extend through to the alley. It is further averred that the assessment district for the work mentioned in the several counts of the petition and upon which the taxbills are issued was not established in accordance with the provisions of the Charter of the city of St. Louis and its amendments, in that the southern boundary line of the assessment district should have been a line drawn midway between the south line of Washington boulevard and the north line of Olive street, whereas the line drawn for this assessment district was so drawn as to take in all of the property of defendant fronting on the south line of Washington boulevard through to the north line of the alley running east and west in the block, notwithstanding the fact that defendant's several tracts were neither lots shown by any recorded plat of additions or subdivisions, nor were they platted lots in any respect, nor had they been used as any less than five separate tracts of ground, and that un-

der the Charter of the city of St. Louis and its amendments, even if the special taxbills were in other respects correct and based upon the correct method of assessment, they were erroneous and void by reason of the fact the assessment district, as laid out, embraced more depth than fell north of the midway line between Washington boulevard and Olive street and therefore a greater amount of area was included than was contemplated in, or justifiable, under the Charter and its amendments, but since the tracts of ground of the defendant, fronting on Washington boulevard, are unplatted tracts, only that part of them which lies between Washington boulevard and a line drawn midway between that and Olive street, the next parallel street south of Washington boulevard, should, under the Charter, be included in the benefit district for the work mentioned in the petition, nor were the taxbills properly made out against each of the several tracts or parcels of land belonging to this defendant. The two-year Statute of Limitations prescribed by the Charter is pleaded in bar against all of the installments except the seventh.

A general denial of the averments of the answer was filed by way of reply. The cause was submitted to the court, a jury being waived, and having been taken under advisement, the court, making and filing a finding of facts, entered judgment in favor of plaintiff on the several taxbills for their amounts and interest. Filing a motion for a new trial and saving exception to that being overruled, defendant has duly appealed.

As stated by learned counsel for appellant, the question presented in this appeal relates to the lawfulness of the method of establishing the special assessment district in this particular case. Those counsel further state that there is no doubt that the taxbills are for work done pursuant to a valid ordinance; that no defense is made on the ground that the improvements were not done in accordance with the contract; that there is no doubt that the bills were issued with all the necessary formalities, nor that they were properly served in the manner required by law. They are attacked by appellant, as his

counsel state, as invalid for the sole reason that they were calculated upon a larger area of appellant's prop-. erty than appellant believes to be lawful and proper under the Charter of the city of St. Louis, and for the further reason that all but the seventh installment on each of them is barred by the two-year Statute of Limitations.

With this very frank admission and statement of the issues, learned counsel for appellant contends that the trial court erred in holding that the tracts here involved constituted two lots, numbered respectively 68 and 69, in city block 4584, of the city of St. Louis.

A mass of testimony was introduced by the respective parties tending to show the manner in which this city block had been laid out and subsequently treated by the owners of the several pieces or tracts of land in it.

That testimony is well summarized by the learned trial judge in his finding of facts and having satisfied ourselves that his finding is sustained by substantial testimony, we follow it, although not *verbatim*, as far as we think necessary to an understanding of the facts, omitting matters we think not now essential.

He finds that the taxbills had been issued regularly and constituted valid liens against the respective properties therein, "if the area district was properly located by the special tax assessor's office of the city of St. Louis." He then finds that Julius Pitzman, as county surveyor, at the instance of the executors of William M. McPherson, in the year 1873, had made a survey and plat of what was there designated "Subdivision of the McPherson homestead tract," which included the lots in controversy, and now owned by defendant; that these lots were marked on this plat as lots 68 and 69; that this plat designated an avenue thereon, seventy feet wide, called McClure avenue, but now Washington boulevard, which bounded these lots 68 and 69, and other lots described, on the north. He further finds that this plat was not signed and acknowledged by the trustees nor recorded; that the owners are the trustees of the property, sold lots in the year 1875 as marked on the Pitzman plat, and described them in their deeds as being

numbered lots of the "Subdivision of the McPherson Homestead Tract," and that some of these deeds were on record in the recorder's office in St. Louis county in the year 1875, the property then being in that county; that the city of St. Louis, by improving McClure or Washington avenue and adopting the lines and numbers of lots and the boundaries of said subdivision, as shown by the Pitzman plat, and which included lots 68 and 69, had accepted McClure or Washington avenue as a public highway as defined in that plat prior to the adoption of the Charter in 1876, and that Washington avenue or boulevard was then and is now the northern boundary of the property of the defendant; that subsequently the city of St. Louis, by a condemnation suit, to which this defendant was a party defendant, took possession of the rear ten feet off of the south end of these lots of defendant and off of the south end of all the lots adjoining them in the block, for a public alley, so that the southern line of defendant's property is bounded by this public alley at a distance of about two hundred and forty three feet, eight inches, from the south line of Washington boulevard; that said block 4584 was established with boundaries of Washington avenue on the north, Sarah street on the west, Olive street on the south and Vandeventer avenue on the east, prior to 1883; that the plat books in the general tax assessor's office have shown the property in question as laid out according to the McPherson Homestead Tract ever since 1874; that the special tax department of the city of St. Louis assessed all special taxes for many years according to the lot numbers of this Pitzman plat and that defendant paid his share as such owner of these lots so described for the making of the alley east and west in the same block; that general taxbills for a period of over twenty years had described defendant's property as lots 68 and 69 in city block 4584 and were rendered to and paid by defendant without protest; that the defendant was a party defendant to the court proceedings brought by the city of St. Louis, establishing the alley in the rear of his property, and that those proceedings and the plat therein

described his property as lots 68 and 69 of city block 4584; that the defendant, without protest in that case accepted the benefits to the extent of $260; that in the proceedings brought by the city for the opening of Vandeventer avenue, to which defendant was a party, the property of the defendant was described on the plat as lots 68 and 69, McPherson's Homestead Subdivision, city block 4584; that the house numbering department of the street department, in giving his house numbers, described them as being situated on lots 68 and 69; that Washington avenue and McClure avenue are the same, and that it has been the northern boundary of the McPherson property and of the Bradley lots ever since city ordinance No. 7751, of date July 6, 1871, had been in force. He further found that defendant was a real estate man, thoroughly familiar with all the records of the City Hall and especially in regard to his property and had partial charge of the sale of the McPherson Subdivision for the McPherson executors, and knew of the subdivision and made deeds from the Pitzman plat; that defendant had erected houses on these lots; that there is no line of any kind in front of either of the houses to indicate that either of them is on a separate lot and that the exact partition line between lots 68 and 69 is terraced, continuing the fence line, which runs back to the alley; that each set of houses on these several lots is but one building, erected at one time, and situated entirely on each of the respective lots; that the defendant, in and by his own deeds, as well as others, property holders in the block, recognized city block 4584 and recognized the establishment of the alley line as the rear line of his property; that in various deeds, executed by the trustees of McPherson, the McPherson Tract was referred to in the description of the property, the court setting out several deeds in which this occurred. He further finds that at the front of the houses on these lots there was nothing dividing nor partitioning the front yards; that all of the property was owned and managed by defendant long prior to the issue of these taxbills and that defendant himself lived in one of the dwellings on

the eastern lot, and that the parcels of land occupied by defendant have always coincided exactly with lots 68 and 69 of the McPherson Subdivision plat; that defendant had full knowledge of that plat.

Reciting the issue of the taxbills and notice thereof to defendant, and that the last installment fell due April 11, 1909, and no part had been paid and that this suit was brought to the June term, 1911, being filed in April, 1911, the court finds that this suit was filed within the time limit required by the Charter. Finding the fact as to the acquisition of property by defendant as set out in his answer, and that he erected houses on the lots and had made improvements on them, the court finds that in making the improvements the defendant had erected one set of improvements on lot 68 and another on lot 69; so that the improvements on one lot did not extend to the other, and in that way and to that extent defendant treated them as two separate lots. The court accordingly rendered judgment against defendant and for plaintiff, as before stated.

This, an action at law, heard by the court without a jury, comes to us as conclusively settled on the facts by the finding of the learned trial judge, provided there is substantial evidence to sustain that finding, and provided we think his conclusion on those facts is sound in law. Without attempting to discuss the numerous propositions of law so fully argued by learned counsel for appellant, we think the conclusion arrived at by the court is correct. It has been the law of our State—now chapter 97, sections 10290-10297—that persons laying off additions and subdivisions to cities, towns and villiages shall make, acknowledge, and file for record plats of the proposed territory as laid off and that penalties are prescribed for a failure to do this. It is true that no official plat of the subdivision in which these lots are situated was ever signed, acknowledged or filed of record in the office of the recorder of deeds. Our Supreme Court, however, has said in Baker v. Vanderburg, 99 Mo. 378, l. c. 390, 12 S. W. 462:

"Where there is a map or plat, though not executed and recorded in conformity to the statute, and on which plat is laid off streets and alleys and other public grounds, and the owner sells lots with reference to the plat, his acts in making such sales amount to a dedication of such parcels as appear to be designed for streets and other public purposes. [2 Herman on Estoppel and Res Judicata, sec. 1147.]"

There is substantial evidence to show that all of the parties, including defendant, who had dealings or connection with this block of ground recognized it as part of the McPherson Homestead Susdivision and that could only come from a resort to this unofficial plat which had been made of the property at the instance of the owners by Mr. Pitzman.

It is also clear that the various purchases of the defendant, no matter how the land was described in his several deeds, do in fact cover that part of city block 4584, which is designated in the Pitzman plat as lots 68 and 69 of that block; that each lot fronts seventy-five feet on Washington boulevard and that they extend back from the south line of that street two hundred and forty-three feet and some inches to the north line of a twenty-foot alley, which runs east and west through that block.

We, therefore, think that the court was authorized, under the evidence in the case, in holding that by the acts of the parties, and particularly by the acts and knowledge of defendant himself, these lots 68 and 69 are lots in the subdivision of the McPherson Homestead Tract, and in city block 4584, and correctly referred to by such numbers in that plat as part of that block in the various deeds to property in the block and in these special taxbills. In various deeds to property in the block it is referred to as in this block. That city block is fully marked and described in the Pitzman survey. So that we think that notwithstanding the failure of the owners to acknowledge and file and record the plat, defendant is bound by the description of the lots as there contained. That being so the assessment against him for special improvements as by the lot numbers is correct.

We held in Fruin et al. v. Meredith et al., 145 Mo. App. 586, l. c. 599, 122 S. W. 1107, that the word "paid" in the proviso to the section of the city charter concerning the payment of these special taxbills was to be read as "payable." That being so, the Statute of Limitations had not run against any of these installments to which these special taxbills related when this action was commenced.

We see no reason to disturb the finding and judgment of the trial court and that judgment is affirmed. *Allen* and *Becker, JJ.,* concur.

