WORTHINGTON DRAINAGE DISTRICT OF SCHUYLER AND PUTNAM COUNTIES, APPELLANT, v. GEORGE A. DAVIS, RESPONDENT.—151 S. W. (2d) 469.

Kansas City Court of Appeals. May 26, 1941.

E. M. Jayne for appellant.

SHAIN, P. J.—The only question presented for review in this case is the sufficiency of plaintiff's petition. The appellant instituted its action by filing petition in the Circuit Court of Schuyler County, Missouri, on the 23rd day of August, 1939. Thereafter, and on the 25th day of September, 1939, plaintiff filed an amended petition to which the defendant filed a demurrer. Defendant's demurrer was sustained by the court and, plaintiff refusing to plead further, judgment was rendered against plaintiff, and from same plaintiff has duly appealed.

We will continue to refer to appellant as plaintiff and to respondent as defendant.

The plaintiff has filed in this court an abstract of the record and a brief. The defendant makes no appearance and filed no brief in this court.

The statement made by plaintiff in its brief is as follows:

"This is an appeal from a judgment of the Circuit Court of Schuyler County, Missouri, sustaining a demurrer to appellant's petition for recovery of drainage district taxes against lands in the district.

"Appellant is a drainage district organized and existing under and by virtue of Article 1, Chapter 64, of the Revised Statutes of Missouri of 1929, relating to drainage districts. It is known as a drainage district under decrees of the circuit court.

"The respondent is the owner of two tracts of land lying in the district and against which annual installments of drainage taxes were assessed and for which judgment was sought.

"Respondent's demurrer to plaintiff's petition contained several grounds, but the same was sustained by the trial court on ground three of the demurrer which raised the question that no valid legal description of the real estate against which judgment is prayed was set out in the amended petition, and it is presumed that the only contention made here in behalf of respondent will be that the description of the land was legally insufficient."

Plaintiff makes assignment of errors as follows:

"The court erred in sustaining respondent's demurrer to appellant's amended petition.

"The court erred in its holding, to the effect, that appellant's amended petition does not contain a legal description of any real estate."

Plaintiff's petition duly alleges corporate existence and alleges:

"That the defendant herein is the owner of the following described real estate, situated in the County of Schuyler and the State of Missouri, and included in and assessed with benefits in said Drainage District, to-wit:

Tract No. 60a:

"All that portion of the S. W. ¼ S. E. ¼ and the N. W. ¼ S. E. ¼ in section 27, township 65 north, range 16 west, lying in a big bend of the Chariton River.

Tract No. 60b:

"All that portion of the E. ½ S. W. ¼ in section 27, township 65 north, range 16 west, lying in a big bend of the Chariton River."

The petition duly alleges the power and authority to levy and assess taxes on benefits on land in the district for purposes of carrying out its objects and purposes and duly alleges that said levy and assessment against said aforesaid lands belongings to defendant were duly made.

The petition further alleges usual compliance by Board of Supervisors as to assessment and extension on the tax books properly certified and turned over to the County Collector. The petition duly sets forth tabulation of taxes due, penalty and total amount due on both tract No. 60a and 60b for the years 1934 to 1938 and duly alleges as to delinquency as to said taxes.

Plaintiff duly alleges that the Board of Supervisors have ordered and required that this suit be brought and alleges the appointment and employment of E. M. Jayne, an attorney, to prosecute the suit and alleges fifty dollars as a reasonable attorney fee.

The petition duly alleges that a total of five hundred and six dollars and one cent as now due. The petition duly alleges as to tax, penalty and attorney fee constituting a lien upon respective tracts, subject to only lien of state, county and school and road taxes, and that said liens attached on September 1, 1934. Plaintiff closes with prayer that we conclude is in due form except as to matter commented upon later in opinion.

From a careful examination of plaintiff's petition and eliminating that part containing description, as fully set out, *supra,* we find no defect and, in the absence of any other showing, conclude that the court's action in sustaining the demurrer was based upon the question of description of the land.

As a general rule as to the matter of description in a deed, any description that gives identification is sufficient and oral testimony is admissible to clear up any uncertainty. Hammon v. Johnston, 93 Mo. 198.

In matters of taxation wherein liens are created, we conclude that more certainty of description should be had. However, in passing upon the sufficiency in this case before us, we conclude that the allegations of the petition touching the compliance with the provisions of the law, chapter 79 R. S. 1939, permits us to assume that section 12345 of the chapter has been fully complied with and that the certificate of the installment tax as to tract 60a and 60b, upon which the lien under the statute rests, fully designates the tracts of land

involved. We, therefore, conclude that the designation of tracts involved together with the description that follows will suffice as to description.

We, therefore, conclude that the petition states a cause of action. However, we call attention to the provisions of section 12345, of the chapter which provides for evidencing the lien and also to section 12346 as to enforcement of lien by suit.

Section 12346 provides as follows:

"The 'drainage tax book' of the district, as returned by the collector of the revenue to the secretary of the board of supervisors of the drainage district, shall be *prima facie* evidence in all courts of all matters therein contained. The liens established and declared in the preceding sections may and shall be enforced by an action on delinquent tax bills, made and certified by the county collector, which action shall be instituted in the circuit court without regard to the amount of the claim *within six months after December 31st of the year for which said taxes were levied.*" (Italics ours.)

The plaintiff contends and we so hold that the petition contains the necessary legal averments to state a cause of action for delinquent drainage taxes under sections 12345 and 12346, Revised Statutes 1939.

Based upon or above holding, we conclude the trial court was in error in sustaining demurrer to plaintiff's petition. However, as to any matters that may be raised by defense under the provisions of section 12346, *supra*, we are not called upon to pass.

Judgment reversed and cause remanded. All concur.