**INDEPENDENT GRAVEL COMPANY, Plaintiff-Respondent,**

v.

**Theodore ARNE, Defendant-Appellant.**

**No. 10821.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 29, 1979.

James B. Fleischaker, Roberts & Fleischaker, Joplin, for plaintiff-respondent.

Robert R. Parrish, Jr., Joplin, for defendant-appellant.

PER CURIAM.

The plaintiff brings this action to enforce the lien of a special tax bill. The tax bill was issued by the City of Joplin, a constitutional charter city, as part payment for street improvements. The trial court found the tax bill valid and ordered enforcement by special execution. In his first two points on appeal the defendant asserts error because the description of the real property was insufficient.

The plaintiff introduced copies of the cover sheet and two pages of the "Atlas of the City of Joplin". The atlas appears to be a compilation of plats or maps of the city completed in 1933. The cover sheet recites it "is made for general purposes and uses. It is not in strict accord with recorded plats". The city disclaimed any responsibility for accuracy. Page 55 of the atlas is a plat of the area in question. It was stipulated that the defendant owned a tract designated on that plat as M–16. The plat also showed a railroad right-of-way traversing approximately the east half of that tract from the northwest to just west of the southeast corner of that tract. There is a designation of the area west of the right-of-way "M–16–A" and of the area east of the right-of-way (adjoining the improved street) "M–16–B". On page 50A the atlas sets forth the description of M–16 as follows:

> All of the S. ½ of the N.E. ¼ of the S.E. ¼ of said section, except the public road (McClelland Boulevard) and the R/W of the Mo.Pac.R.R. containing 18.23 acres.

The original atlas was kept in the office of the city engineer. There was a copy in the office of the assessor and an abstract office. The atlas was never recorded.

While neither the original nor a copy was introduced, apparently the area in question was the subject of a survey and plat which was recorded in 1922. The recorder testified, "Our plat book is entirely different from that (referring to the plat in the atlas) . . . ." The recorder further testified the recorded plat showing Miscellaneous 16 was similar to the atlas plat, but without the breakdown of 16–A and 16–B. The field notes (apparently the description of Miscellaneous 16) were the same. It is not known if the recorded plat shows a railroad right-of-way.

There had been railroad tracks across the tract, but they had been removed sometime within the past 20 years. The defendant testified there was no railroad right-of-way across the tract as long as he owned it. That length of time was not shown but the county collector checked back to 1972 and found paid tax statements for those years in the name of the defendant. In the ad valorem tax statements the property assessed to the defendant was described as Miscellaneous 16. The defendant had no knowledge of "any 16–B".

The special tax bill describes the property as "Miscellaneous Tract 16–B, Section 16, Township 27, Range 33, City of Joplin, Jasper County, Missouri". By its petition the plaintiff seeks to enforce the special tax bill against that property "also described as that part of the South Half (S ½) of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of said Section 16 lying east of the Missouri Pacific Railroad right-of-way".

■ It is well settled that the plaintiff's right to prevail must stand or fall on the basis of the tax bill. A defective description in a tax bill cannot be cured by a petition to enforce that tax bill. *State ex rel. Flentge v. Burrough*, 174 Mo. 700, 74 S.W. 610 (1903); *State ex rel. Ward v. Linney*, 192 Mo. 49, 90 S.W. 844 (1905); *Elsberry Drainage Dist. v. Seerley*, 329 Mo. 1237, 49 S.W.2d 162 (1932).

Defendant's property is described as Miscellaneous Lot 16 on the recorded plat. The special tax bill imposes a lien upon Tract 16–B, a designation shown only on a plat in the unrecorded atlas. The plaintiff contends that description, even though the property can be located only by reference to an unrecorded plat, is sufficient. The defendant contends it is not. As presented, the question is not whether or not the tax bill could be construed as imposing a lien

upon the whole of Lot 16 as designated on the recorded plat. It is whether or not an ambiguous description in a tax bill may be made certain by reference to an unrecorded plat. The question may be better put into proper perspective by assuming the defendant owned the N.E. ¼ of the S.E. ¼ and the city had prepared a plat designating a portion of that forty adjoining the street as Lot 1 and the tax bill described Lot 1 of the N.E. ¼ of the S.E. ¼ of a given section, township and range.

The charter contains no specific standard for the description to be used in special tax bill proceedings. Upon the completion of an improvement, the director of public works is required to levy an assessment against the "tracts of land" to be charged. Article XI, § 11.32, Charter of the City of Joplin. The record of his assessments, which is to be certified to the director of finance, is required to set forth the names of the owners of the several tracts. Perhaps the most specific requirement of the charter concerning the description is the declaration that a special tax bill shall be a lien on "the land described therein". § 11.58.

In the absence of a more explicit standard in the charter, it is appropriate to examine the general case law on the subject. It has been said that a description in a tax bill is adequate if contained in a deed it would be sufficient to pass title. *Adkins v. Quest,* 79 Mo.App. 36 (1899). In view of the fact the issuance of a special tax bill is a unilateral act, as will be hereafter more fully discussed, a more appropriate standard has been expressed: "We have followed the general rule in this State that a description is sufficiently definite and certain if the description *by its own terms* will enable one reasonably skilled in such matters to locate the land." *National Cemetery Ass'n of Missouri v. Benson,* 344 Mo. 784, 793, 129 S.W.2d 842, 845 (1939). (Emphasis added)

■ The use of an unrecorded plat to make a description sufficiently definite and certain is generally prohibited. "A plat or map that has not been duly recorded according to a statutory requirement may not be used to help out the description in a deed; . . . ." 6 Thompson on Real Property, § 3052, p. 615 (1962).

While not too often succinctly expressed, the basis of the rule seems to be that a description in terms of a lot and block number not referable to a recorded plat does not provide the required definiteness and certainty. What, if any, plat is referred to and where it may be found is a matter of conjecture.

■ Exceptions to the general prohibition have been recognized where that uncertainty was removed. An unrecorded plat may be recognized where it is specifically referred to and in effect incorporated in the instrument. *Brewington v. Jenkins,* 85 Mo. 57 (1884).[1] Such a description has also been held sufficient when the party who questions the description has so dealt with the property on the basis of that description that he is bound thereby. *Marvin v. Elliot,* 99 Mo. 616, 12 S.W. 899 (1890); *Parker-Washington Co. v. Bradley,* 197 Mo. App. 447, 196 S.W. 111 (1917); *Sharp v. Richardson,* 353 Mo. 138, 182 S.W.2d 151 (1944). While the applicability of the same under present day conditions is doubtful, the use of an unrecorded plat has also been approved where it has been so used and recognized by the community that there can be no doubt concerning the property described. *Shewalter v. Pirner, et al.,* 55 Mo. 218 (1874); *Hammond v. Johnston,* 93 Mo. 198, 6 S.W. 83 (1887); *Marvin v. Elliot,* supra, 99 Mo. 616, 12 S.W. 899.

Where a description in a conveyance or similar instrument creates an ambiguity, the books abound with cases concerning the admission of evidence of surrounding circumstances and parol evidence to establish the intent of the parties. *Becker v. Work-*

---

1. Although in *State ex rel. and to Use of Jennings v. Hamilton,* 293 S.W. 378 (Mo.1927) it was held that an assessment based upon an unrecorded plat did not comply with the applicable statute and was invalid even though the unrecorded plat was designated by name and date.

*man,* 530 S.W.2d 3 (Mo.App.1975); *Czarnecki v. Phillips Pipe Line Company,* 524 S.W.2d 153 (Mo.App.1975). While its significance is now being questioned, a distinction has been drawn between patent and latent ambiguities. *Meinhardt v. White,* 341 Mo. 446, 107 S.W.2d 1061 (1937). Although no Missouri case has been found, such admissible evidence may include an unrecorded plat acted upon by both parties to the transaction. 6 Thompson on Real Property, § 3052, pp. 611–612 (1962). Also see *Schreiber v. Osten,* 50 Mo. 513 (1872).

■ However, making an assessment and the issuance of a special tax bill is a unilateral act. In construing and in determining the certainty of descriptions in tax bills by reference to monuments and recorded instruments the principles applicable to the construction of deeds and similar instruments should be applicable. *City of Higginsville ex rel. and to Use of Kasco, Inc. v. Alton R. Co.,* 237 Mo.App. 1204, 171 S.W.2d 795 (1943); *National Cemetery Ass'n of Missouri v. Benson,* supra, 344 Mo. 784, 129 S.W.2d 842. But, this does not mean that the scope of the evidence available to resolve an ambiguous description in a tax bill is the same as that available to establish the intent of the parties to a bilateral transaction, such as a deed. It has been said: "The property on which the assessment is intended to be levied must be sufficiently described for identification, as parol evidence is not admissible to show what property was intended." 14 McQuillin Municipal Corporations, § 38:110, p. 273 (3rd ed.).[2] *Wigmore* has analyzed the matter as the required integration of a unilateral act: "On the other hand, the levy of an assessment

has been treated as embodied solely in the book-entry." IX Wigmore on Evidence, § 2427, p. 94 (3rd ed.). This rationale has also been recognized in reference to a tax deed in which the court said: "So that the question of intent has no place in this discussion, nor was extrinsic evidence admissible for the purpose of showing such an intent." *Talley v. Schlatitz,* 180 Mo. 231, 239, 79 S.W. 162, 164 (1904).[3]

While not necessarily on that basis, in the absence of statutory authorization to the contrary or an applicable exception, the cases generally condemn tax bills upon the basis of an unrecorded plat. Annot., 137 A.L.R. 184 (1942). Also see *State ex rel. and to Use of Jennings v. Hamilton,* 293 S.W. 378 (Mo.1927). In *State ex rel. and to Use of Lancaster v. Kennedy,* 207 S.W. 71 (Mo.App.1918), Block 21 on a recorded plat had been vacated and an assessment by that description was held invalid.

The plaintiff cites § 11.50 of the charter which among other things provides "no defect or mistake in said books, or in the description therein of the parcels of land, or in the names in such apportionment, shall impair or affect the validity of the tax bills". It is difficult to see how such a provision, even if it referred to the original assessment or tax bill, could serve to provide a lien upon defectively described real property. In any event, the provision refers to the books certified to the director of finance and does not aid the plaintiff. Plaintiff also cites *Parker-Washington Co. v. Bradley,* supra, 197 Mo.App. 447, 196 S.W. 111, in which a tax bill was upheld because by reason of his dealing upon the basis of the same, the landowner was bound

2. In dealing with an erroneous reference to a recorded plat in *Arsenault v. Inhabitants of Town of Roxbury,* 275 A.2d 598, 600 (Me.1971) the court said: "We hold that, granting the propriety of a description of real estate taxed by reference to a recorded document, when the assessors do so an inspection of that particular document must, either by its own terms, or by a reference therein, supply a description of the real estate taxed sufficiently accurate to identify it without going further, and without the aid of parol evidence."

3. Also see *State ex rel. Wyatt v. Wabash R. Co.,* 114 Mo. 1, 10, 21 S.W. 26, 28 (1893) in which in reference to an assessment said: " '[T]he intention of the parties must be contained in the instrument or its references, expressed or implied, with such certainty that the locality of the land can be ascertained from it' " and in *Worthington Drainage Dist. v. Davis,* 235 Mo.App. 949, 151 S.W.2d 469, 471 (1941) in speaking of the sufficiency of a description in a deed the court said: "In matters of taxation wherein liens are created, we conclude that more certainty of description should be had."

by an unrecorded plat. The evidence in this case does not establish that or any other exception to the general rule.

 The court recognizes that property benefited by a public improvement should stand charged with a proportionate share of the cost and is not inclined to "search 'as with a lighted candle' for technicalities, inadvertences, and minor defects, . . . ." *Scales v. Butler*, 323 S.W.2d 25, 27 (Mo.App. 1959). A sufficient description in a special tax bill is mandatory. *University City, to Use of Schulz v. Amos*, 236 Mo.App. 428, 156 S.W.2d 65 (1941). We are loathe to reverse the judgment but must when to do otherwise would add an element of uncertainty to the law dealing with real property.

The remaining points advanced by the defendant have been considered and have no merit. While no opinion is expressed concerning the validity of the same, the plaintiff may seek relief under § 11.80 of the charter.[4] Or it may have additional evidence to support the validity of the present tax bill. The judgment is reversed and cause remanded.

All concur except MAUS, J., recused.

---

**4.** Also see § 88.107 RSMo, V.A.M.S.