**INDEPENDENT GRAVEL COMPANY, Plaintiff-Respondent,**

v.

**Theodore ARNE, Defendant-Appellant.**

No. 13885.

Missouri Court of Appeals, Southern District, Division One.

July 22, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 13, 1985.

Robert R. Parrish, Joplin, for defendant-appellant.

James B. Fleischaker, Roberts, Fleischaker & Scott, Joplin, for plaintiff-respondent.

FLANIGAN, Judge.

Plaintiff Independent Gravel Company brought this action against defendant Theodore Arne to enforce the lien of a special tax bill issued on April 15, 1980, to plaintiff. The tax bill was issued by the city of Joplin, a constitutional charter city, as part payment for street improvements.

The factual background to the instant litigation commenced on August 5, 1968, when the city of Joplin, through its council, enacted an ordinance authorizing the street improvements. The work was completed by plaintiff and on July 18, 1969, the work was accepted and the council issued to plaintiff a special tax bill—"the first special tax bill." The first special tax bill was payable in installments, the first of which was due on July 18, 1970. No payments were made and on July 8, 1975, plaintiff filed an action in circuit court to enforce the lien created by the first special tax bill against the land of defendant. The trial court upheld the validity of the first special tax bill and ordered enforcement by special execution. On appeal by defendant, this court, in an opinion issued on October 29, 1979, held that the first special tax bill was invalid because it contained an insufficient description of the land on which the assessment was intended to be levied. *Independent Gravel Company v. Arne*, 589 S.W.2d 652 (Mo.App.1979).

On April 15, 1980, the director of public works of the city of Joplin, acting pursuant to § 11.80 of the Charter of the City of Joplin, "reassessed" defendant's land and issued a second special tax bill, Special Tax Bill No. 13, assessing and charging defendant's land with the sum of $3,797.64 as a special tax. Defendant made no payment on Special Tax Bill No. 13, and on June 15, 1983, plaintiff filed this action in the circuit court to enforce its lien. After pleadings had been filed and some discovery had been conducted, plaintiff filed a motion for summary judgment. On July 11, 1984, the trial court sustained plaintiff's motion for summary judgment. The judgment awarded the plaintiff $5,057.70, together with the costs of the action, to be enforced against the described land by special execution. Defendant appeals.

There was no significant factual dispute and defendant, as well as plaintiff, had filed a motion for summary judgment. On this appeal defendant asserts that it was he, not plaintiff, who was entitled to summary judgment and that the trial court erred in ruling otherwise.

Defendant's first point is that the trial court erred in not dismissing the action because "this action was not brought within the applicable five-year statute of limitations, § 516.120,[1] even as extended by the operation of § 516.230." Defendant argues that the interplay of those two statutes outlaws the present action.

The flaw in defendant's position is that he did not plead either § 516.120 or § 516.-230. Accordingly it is unnecessary to determine whether either or both of those statutes, if they had been properly pleaded, would have outlawed the present action.

■ The statute of limitations is an affirmative defense. Rule 55.08. A party desiring to avail himself of the statute of limitations, "must plead the particular statute upon which he relies.... must plead the very provision." *Niedert v. Niedert,* 637 S.W.2d 296, 300[3, 4] (Mo.App.1982); *Tudor v. Tudor,* 617 S.W.2d 610, 613 (Mo. App.1981). See also *Modine Manufacturing Company v. Carlock,* 510 S.W.2d 462, 466–467[2, 3] (Mo.1974). In *Niedert* it was held that an allegation, in an answer, that the claim sued on was "barred by the statute of limitations" was insufficient to raise the affirmative defense of the statute of limitations.

■ Defendant's answer merely pleaded that "the general statute of limitations has passed."[2] Defendant's motion for summary judgment, filed prior to the filing of his answer, also failed to plead the applicabili-

ty of either § 516.120 or § 516.230. Defendant's first point has not been preserved.

Defendant's second point seeks to attack the validity of § 11.80 of the Charter of the City of Joplin. Section 11.80 prescribes the procedure for reassessment of land subject to assessment to pay the costs of public improvements and for issuance of a corrected special tax bill where the original special tax bill was defective. Defendant makes no claim that the procedure prescribed by § 11.80 was not followed. He seeks to challenge the validity of the section itself on constitutional grounds, both state and federal.

■ The issue of the constitutionality of an ordinance, or as here a charter provision, must be raised "at the first available opportunity." *City of St. Louis v. Butler Co.,* 358 Mo. 1221, 219 S.W.2d 372, 376[6] (banc 1949); *Oliver v. City of Higginsville,* 527 S.W.2d 690, 694[4] (Mo.App.1975). "The section of the constitution claimed to have been violated must be specified." *City of St. Louis v. Butler Co.,* supra, 219 S.W.2d at 376[6]; *Oliver v. City of Higginsville,* supra, at 694[4]. See also *In re $29,000.00 in U.S. Currency,* 682 S.W.2d 68, 72[1, 2] (Mo.App.1985). Although defendant filed his motion for summary judgment on July 12, 1983, that motion did not mention, or challenge on constitutional grounds, § 11.80.

■ On October 13, 1983, defendant filed his answer in which he pleaded, "[§ 11.80] is an attempt to override and contravene §§ 88.107 and 88.110 RSMo and, therefore, is an invalid exercise of municipal powers in contravention to state statutes." Defendant's answer cited no specific provision of the Missouri or federal Constitution. In his brief defendant seeks to challenge

---

**1.** All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

**2.** Defendant's answer also pleaded another statute by section number. That statute, which was

repealed in 1975, applied only to second class cities. Defendant's brief on appeal makes no claim that the statute so pleaded made the trial court's ruling improper.

§ 11.80 on the ground that it violates Art. VI, § 19(a) of the Constitution of Missouri. His brief here cites no provision of the federal constitution.

Any issue with respect to the validity of § 11.80 on the pleaded ground that it "is an attempt to override and contravene §§ 88.-107 and 88.110 RSMo and, therefore, is an invalid exercise of municipal powers in contravention to state statutes" would entail an inquiry into the possible application of Art. VI, § 19(a) of the Constitution of Missouri, which reads, in pertinent part:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and *are not limited or denied* either by the charter so adopted *or by statute.* Such a city shall, in addition to its home rule powers, have all powers conferred by law. (Emphasis added.)

The failure of defendant to raise that issue at the first available opportunity, and to specify Art. VI, § 19(a) of the Constitution of Missouri as the section claimed to have been violated, precludes examination of the issue. Defendant's second point has not been preserved.

The judgment is affirmed.

TITUS, P.J., and GREENE, J. concur.