CITY OF ST. LOUIS, COLLECTOR OF REVENUE, Plaintiff-Respondent,

v.

PARCEL 107 OF LAND, Defendant-Appellant,

and

Laclede Partnership, Inc., Intervenor-Respondent.

No. 49427.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 10, 1985.

Peter J. Wunderlich, St. Louis, for defendant-appellant.

Robert C. Jones, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Purchaser of parcel of real estate sold at Sheriff's Sale for delinquent taxes appeals from a judgment which refused to confirm the tax sale held pursuant to The Municipal Land Reutilization Law, §§ 92.700–92.920 RSMo 1978 and Cum.Supp.1984. Affirmed.

On July 1, 1983, Laclede Partnership, Inc. (Laclede), purchased for $5,000.00 two lots with addresses 810 and 812 Ann Avenue, more particularly described as follows:

> Lots 9 and 10 of Block 7 of Thomas Allen's addition and in Block number 838 of the City of St. Louis, having a front of 50 feet on the South line of Ann Avenue, by a depth southwardly of 120 feet to an alley. Together with all improvements thereon.

The deed was recorded on July 5, 1983. The address for Lots 9 and 10, 810–812 Ann Avenue, appears in the deed. However, the legal description mentions Lot 10 and omits Lot 9. The tax sale in issue was held on July 11, 1984 and an amended deed describing both lots was recorded on August 21, 1984. The confirmation hearing occurred in November 1984.

Due to the error in the legal description in the recorded deed, Laclede was not notified of the tax delinquencies of Lot 9 for 1980 through 1983. The City of St. Louis published notice that the tax sale would be held on July 10, 11 and 12, 1984. The Sheriff proceeded to sell the property at noon on July 10, 1984. The highest bidder was ACY Realty Company (ACY), offering $1,600.00 for Lot 9. ACY failed to pay the $1,600.00 by the end of the business day. The Sheriff resold Lot 9 on July 11, 1984 without further notifying the public.

On July 11, Lot 9 was resold to ACY for $300.00. ACY was the only bidder at the sale on July 11. The amount bid was sufficient to cover the delinquent taxes and costs. ACY paid $300.00 to the Sheriff before the close of the business day and subsequently sought confirmation of the sale from the trial court.

Prior to the confirmation hearing the trial court sustained Laclede's Motion to Intervene as an interested party.

At the hearing evidence was presented regarding Laclede's purchase of the property, the sale, bidding, and resale. The trial court's findings are as follows:

## CONCLUSIONS OF LAW

According to this Court's equitable powers, the sale held on July 11, 1984, at which ACY Realty Company was the successful bidder and buyer of Lot 9 for $300 is invalid because;

1) the sale of July 11, 1984 did not comply with the provisions of § 513.-240 RSMo.1978 as made applicable herein by § 92.825(1) RSMo.1978 since ACY Realty Company failed to pay and, consequently, 'refused to pay the amount bid for property struck off to him' at the July 10, 1984 sale and yet the sheriff failed to resell Lot 9 on a subsequent day as though no previous sale had been made as required under said statute. The advertisement and notice requirements under Chapter 92, must be fulfilled before selling Lot 9 again; and

2) the sale of Lot 9 on July 11, 1984 to ACY Realty Company for $300 did

not bring 'adequate consideration,' and cannot be confirmed under § 92.840 RSMo.1978, since the evidence showed 'adequate consideration' for the parcel to have been a minimum of $1,600 as bid for Lot 9 at the tax sale on July 10, 1984; and

3) general principles of equity preclude confirmation of a tax sale procedure under which the high bidder at a tax sale on one day, ACY Realty Company, can fail or refuse to pay the amount bid for the parcel and thus, by its own actions, defeat the statutory requirement of open and competitive bidding at the tax sale when the competing bidders at the sale on July 10, 1984, had no notice of the resale of Lot 9 on the next day, thereby allowing the original bidder, ACY Realty Company, purchaser to pay considerably less for the parcel than it bid on the previous day.

WHEREFORE, IT IS ORDERED that the tax sale of Lot 9 of Thomas Allen's Addition held herein on July 11, 1984, is not confirmed, the lien for delinquent taxes is continued, and the collector and the sheriff may initiate once again the tax foreclosure sale process.

Purchaser, ACY, claims the trial court erred in: (1) overruling purchaser's objection to intervention by Laclede; (2) failing to allow purchaser to increase its bid to a sum deemed adequate after the court denied confirmation; (3) entering a judgment based on equitable grounds since there was insufficient evidence to support the findings; and, (4) failing to confirm the sale pursuant to § 92.840 Cum.Supp.1984, because ACY was the highest bidder on the second day of sale.

The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The tax sale purchaser, ACY, claims that Laclede should not have been allowed to intervene in the confirmation hearing because it had no legal interest in the property. ACY claims that because the deed recorded by Laclede on July 5, 1983 failed to include Lot 9, Laclede is precluded from claiming an interest in the property after the sale.

■ Section 92.840.1[1] Cum.Supp.1984, provides: "After the Sheriff sells any parcel of real estate, the court shall upon its own motion or upon motion of *any interested party,* set the cause down for hearing to confirm the foreclosure sale ..." (emphasis ours). Evidence at the hearing indicated Laclede corrected the mistake in the original July 5, 1985 deed by recording a corrected deed to include Lot 9 on August 21, 1984, prior to the confirmation hearing in November 1984. At the time of the hearing Laclede was the owner of record of Lot 9. This court has held that a former owner of property sold at a tax sale still has an interest in the proceeds of the sale even if the former owner does not have an interest in the land itself. The interest in the proceeds of the sale is sufficient to allow the former owner to intervene as an interested party. *In re the Matter of Foreclosure of Liens for Delinquent Land Taxes By Action in Rem.,* 672 S.W.2d 730, 731 (Mo.App.1984). Laclede was properly allowed to intervene.

■ Second, purchaser argues that the defect in the July 5, 1983 deed precludes Laclede from asserting their interest in the parcel. However, when the deed applied to the subject matter shows a manifest omission in the description, and there is sufficient data furnished by the deed to supply the omission, the omission will be supplied by construction. *Central Missouri Oil Co. v. City of St. James,* 232 Mo.App. 142, 111 S.W.2d 215, 219 (1937). *See also Mexico Refractories Co. v. Roberts,* 237 Mo.App. 299, 167 S.W.2d 660, 663 (1942). Any de-

1. Section 92.840.1 RSMo Cum.Supp.1984 was effective prior to the confirmation hearing but after the tax sale. However, the relevant language to this case prior to the amendment is identical.

scription that gives identification is sufficient and oral testimony is admissible to clear up any uncertainty. *Worthington Drainage Dist. v. Davis,* 235 Mo.App. 949, 151 S.W.2d 469, 471 (1941). Here the deed contained the address of the parcel but failed to specify the lot. The failure of Laclede to specify Lot 9 on the July 5, 1983 deed did not preclude it from intervening as an interested party since the address on the deed and the testimony of the president of Laclede was sufficient to identify Laclede as the owner.

Purchaser also claims the trial court failed to follow the procedures mandated by § 92.840 Cum.Supp.1984 by not allowing purchaser to increase his bid after the court found inadequate consideration.

Section 92.840(2) RSMo Cum.Supp.1984 provides: "If the court finds that the consideration paid is inadequate, the purchaser *may* increase his bid to such amount as the court may deem to be adequate whereupon the court *may* confirm the sale." (emphasis ours). The language of the statute indicates permissive action by the court not mandatory action. Words used in statutes are considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers. *Bartley v. Special School Dist. of St. Louis County,* 649 S.W.2d 864, 867 (Mo.1983). The law does not favor statutory construction that produces absurd results but rather favors a construction that produces a reasonable result in accordance with legislative objectives. *State ex rel. Tri-City Const. v. Marsh,* 668 S.W.2d 148, 153 (Mo.App.1984).

██ In the present case, there was substantial reason for the trial court to refuse to determine an amount deemed adequate so as to permit a ACY to increase its bid and acquire confirmation. Sales under The Municipal Land Reutilization Law include, by reference, the provisions of § 513.240 RSMo 1978. § 92.825.1 RSMo 1978, Cum. Supp.1984. Under the provisions of § 513.-240 the selling officer may resell and recover the amount of any loss against a purchaser who refuses to pay the amount bid for property struck off to him. This section recognizes that a defaulting bidder is not free of responsibility when payment is not made. The scheme of The Municipal Land Reutilization Law, Chapter 92, encourages competitive bidding at a tax sale. Because of the permissive language of the statute, the court concluded on these facts that the refusal to purchase by ACY as a defaulting bidder served to defeat the statutory requirement of open and competitive bidding. We find the court's refusal to determine and announce adequate consideration proper within the discretionary authority permitted under the statute.

Purchaser's third and fourth points on appeal challenge the judgment as unsupported by the evidence and contend the court erred in failing to confirm the sale since ACY was the highest bidder on the second day. These two points also address the application of § 513.240 RSMo 1978 as made applicable by § 92.825.1 Cum.Supp. 1984. Section 513.240 provides: "If the purchaser refuses to pay the amount bid for property struck off to him, the officer making the sale *may* again resell such property to the highest bidder or he *may* resell it on a subsequent day as though no previous sale had been made ..." (our emphasis). Relying on this section ACY argues that other bidders were not denied notice for the second day sale since re-sale is provided by statute and so the statutory requirement of open and competitive bidding was not circumvented.

██ ACY's arguments depend upon the proposition that because the original advertisement pursuant to Chapter 92 authorized the original sale and subsequent re-sale, no unfairness could result to an interested party including the record property owner; that such re-sale pursuant to statute would not invoke general principles of equity and preclude confirmation of the sale on the second day. We find that proposition unsupported on the present facts. ACY's bid on the first day was $1,600.00 and on the second day $300.00. This fact alone supports the trial court's conclusion that ACY's "[o]wn actions, defeat the statutory requirement of open and competitive bidding." Although under the statute the court could have confirmed a re-sale on the second day, nothing in these statutes re-

quire it to confirm re-sale for a bidder who on the previous day bid more than five times the successful bid on the second day. The Municipal Land Reutilization Law expressly provides that the rules of civil procedure in equity cases shall be followed in suits brought pursuant to the law. § 92.-800 RSMo 1978. Equity will not suffer a wrong to be without a remedy, and seeks to do justice and avoid injustice. The trial court, sitting as a court of equity, was authorized to administer full and complete justice, within the scope of the pleadings and evidence between the parties. *William v. Beheler*, 499 S.W.2d 770, 778 (Mo. 1973). The trial court concluded that ACY as the original successful bidder, and as the only re-sale bidder, defeated the statutory requirement of open and competitive bidding. The differential in the bids was itself sufficient evidence to support this conclusion.

We conclude that on the evidence, and under the permissive authority of § 92.840, the trial court did not err in refusing to confirm the tax sale of July 11, 1984. We find no abuse of discretion by the trial court.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.