**William J. POPE and R. Ellen Pope, Appellants,**

v.

**Edwin KIRSCHNER and Rosemary Kirschner, Respondents.**

**No. WD 39115.**

Missouri Court of Appeals, Western District.

Dec. 29, 1987.

James J. Wheeler, Keytesville, for appellants.

Richard N. Brown, Brookfield, for respondents.

Before KENNEDY, C.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

The main issue of this case is whether certain items of business property are personal property or fixtures and part of the real estate.

Briefly recounted, the facts necessary for a decision are as follows: the respondent Kirschners contracted and did sell pursuant to a general warranty deed certain real estate, a bar and grill in Marceline, to the Popes. The sale of real estate was subject to an existing lease agreement for the property as a bar and grill between

the Kirschners and Eichelberger. This lease agreement contained a concurrent express sale of certain equipment and furniture on the premises which was specifically described in an attachment to the lease. This property included a built in bar, kitchen and bar sinks, carpeting, signs, and steam tables. The Kirschners took a security interest in the property described in the attachment and this was specifically noted in the lease agreement. The Kirschners filed a financing statement governing the property and equipment in question. Eichelberger later conveyed her interest in the equipment and furniture on the premises (including her obligations under the security agreement) to Gulley and Cassity, who were to sublease the premises. Disputes over rights in the subject equipment and furniture arose at the time Gulley and Cassity were to transfer possession of the premises to the Popes. This action was brought by the Popes against the Kirschners, sellers, seeking a declaration of the parties rights in the property which the Popes alleged to be fixtures, and to restrain their transfer and in the alternative sought damages for breach of warranty. The trial court found for the Kirschners. It found the subject property had been treated as personal property when it was sold subject to the security interest, that the agreement specifically listed the property in the attachment and that the Popes were aware of the agreement; that none of the items still at issue were fixtures; and that there was insufficient evidence from which to find a breach of warranty. The court found the contract of sale from the defendants to plaintiffs stated there was an existing lease, and a copy of that lease and the attachment containing all of the property involved in this suit was given to the buyers.

■ "A fixture is an article of personal property which has been so annexed to the real estate that it is regarded as a part of the land...." *Marsh v. Spradling,* 537 S.W.2d 402, 404 (Mo.1976). "Characterization of an item as a fixture ... depends upon the finding of three elements: annexation to the realty, adaption to the use to which the realty is devoted, and intent of the annexor that the object become a permanent accession to the freehold." *Sears, Roebuck and Co. v. Seven Palms Motor Inn,* 530 S.W.2d 695, 696 (Mo. banc 1975). The element of intent is said to be of paramount importance, *In re Horton's Estate,* 606 S.W.2d 792, 794 (Mo.App.1980); it is at least given particular emphasis, *Marsh,* 537 S.W.2d at 404. It is of paramount importance in the case of controversies between seller and purchaser. *Matz v. Miami Club Restaurant,* 127 S.W.2d 738, 741 (Mo.App. 1939).

■ Strong evidence of intent is presented under these facts by the Kirschner's sale of the items to Eichelberger. "[A] landowner may enter into a special agreement with another that, as between themselves, an object which would normally be a fixture shall remain personalty...." *Leawood National Bank v. City National Bank & Trust Co.,* 474 S.W.2d 641, 644 (Mo.App.1971). "But no such agreement, or the intention which it discloses, can be given effect as against third parties without notice whose rights have intervened." *Id.* The Popes contend they were without notice. Their contention is not supported by the evidence. The sale of real estate was subject to the buyer's acceptance of the existing lease. Mrs. Pope has admitted having a copy of the lease which included the provisions for sale of business property. While the Popes complain that the attachment more fully describing the property was not with their copy of the lease, the evidence on that point was contradictory. It is beyond dispute however, that the lease of which knowledge was admitted specifically referred to the definitive attachment twice. This was sufficient to put the Popes on notice of the agreement, and to reasonably compel efforts on their part to obtain the list of specifics if indeed, it was not attached. The Popes' complaint that the trial court erred in finding them aware that the items were described as personal property misstates the findings of the docket entry, which found that the Popes were aware of the agreement which referred to the property. This is without merit. Under the standard of review in a

court tried case, the court's findings of notice and conclusions shall prevail.

The second and third points on appeal are without merit. Parol evidence may be admissible to clear up uncertainty in a deed. *City of St. Louis, Collector of Revenue v. Parcel 107 of Land,* 702 S.W.2d 123 (Mo.App.1985); *Meyer v. Dubinsky Realty Co.,* 133 S.W.2d 1106 (Mo.App.1939). The fact that the Kirschners did not own the items in question is not a basis for breach of warranty damages since it ignores the fact that the items were not conveyed by the warranty deed. Introduction of the lease and attachment as well as the contract of sale between the plaintiffs and defendants was not error.

The respondent's motion for damages for frivolous appeal is denied.

The judgment is affirmed.