Carl J. GRAESSLE and Lorraine M. Graessle, Respondents,

v.

STATE HIGHWAY COMMISSION OF MISSOURI, Third–Party Plaintiff–Appellant,

v.

CALLAWAY COUNTY, Missouri, Third–Party Defendant–Respondent.

No. WD 40987.

Missouri Court of Appeals, Western District.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1990.

Application to Transfer Denied March 13, 1990.

Thomas B. Gilliam, Jr., Kirkwood, Zachary T. Cartwright, Jefferson City, Rich Tiemeyer (on the brief), Jefferson City, for third-party plaintiff-appellant.

Charles W. Riley, Whitlow, Riley, Mariea & Dunlap, Fulton, for respondents.

Diane Garber, Callaway County Pros. Atty., Fulton, for third-party defendant-respondent.

Before GAITAN, J.P. and
MANFORD and ULRICH, JJ.

ULRICH, Judge.

The Missouri Highway and Transportation Commission (Commission) appeals a judgment against it ordering specific performance of a covenant in favor of Mr. and Mrs. Graessle and in favor of Callaway County (County) on a dispute over a maintenance agreement between the Commission and the County. The judgment is affirmed.

As part of its expansion program for old Route 63 between Columbia and Jefferson City, the Commission acquired a tract of property from the Graessles in 1967. The Graessles executed a deed, prepared by the Commission, which granted to the Commission right-of-way for Route 63, right-of-way for a relocated county road, and a permanent easement over a 0.19 acre tract. The Commission constructed a 650–700 foot drainage ditch with a concrete liner on the property pursuant to a clause in the deed which granted "the right to construct a drainage ditch and maintain same, if Grantee so desires." One hundred to one hundred fifty feet of the ditch was built within the right-of-way purchased for Route 63, approximately thirty feet was constructed on the permanent easement area, and the remainder was within the relocated county road right-of-way. The ditch was completed in late 1968 or early 1969. In 1969, the Commission entered into a maintenance agreement with the County facilitating maintenance by the County of a section of the relocated county road lying east of and terminating near the juncture of the Graessles' driveway.

Because the drainage ditch deteriorated from lack of maintenance, the Graessles filed suit against the Commission seeking specific performance of the covenant allegedly compelling the Commission to maintain the ditch. The Graessles complained of degeneration of the portion of the ditch lying east of their driveway and outside the normal right-of-way of Route 63. The Commission filed a third-party petition against Callaway County alleging that an agreement between the Commission and the County requires the County to maintain the disputed portion of the ditch and that the County had breached the maintenance agreement by failing to maintain the ditch.

After a bench trial, judgment was entered in favor of Mr. and Mrs. Graessle on their petition and for Callaway County on the third-party petition. The Commission was ordered to repair and maintain the ditch. On appeal, two central issues are raised. The first is whether the deed requires the Commission to maintain the ditch. The second is whether the court had jurisdiction to order specific performance of the alleged covenant.

The Commission contends that the deed contained no covenant requiring it to maintain the ditch. A covenant within the deed states: "the right to construct a drainage ditch and maintain same, if Grantee so desires, over strips of land described as follows...." The Commission argues that the meaning of the word "maintain" within the covenant is ambiguous and means "to hold" rather than "repair." The Commis-

sion contends that the language "if Grantee so desires" makes maintenance of the ditch by the Commission discretionary.

The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The Commission's claim that the deed did not contain a covenant requiring the Commission to maintain the ditch is contrary to the trial court's findings.

■ The trial court's findings of fact and conclusions of law specifically address this issue. The trial court holds:

4. By a deed dated September 14, 1967, Plaintiffs did convey certain of their lands to the State of Missouri acting by and through the State Highway Commission for the purpose of developing and relocating State Highway 63, and specifically granting rights to the Defendant, State Highway Commission, to construct and maintain a drainage ditch over 0.19 acres of land, as described in said deed.

5. ....

6. The ordinary meaning of the word "maintain" is "to keep in repair."

7. Defendant, State Highway Commission, has not maintained said drainage ditch, and has thereby breached the covenant to maintain.

The trial court, in its conclusions of law, holds that the word "maintain" and the "if grantee so desires" clause create ambiguities. It, however, gives these words their usual and ordinary meaning. *Satterfield v. Layton*, 669 S.W.2d 287, 288 (Mo.App. 1984). The court looked to the intent of the parties, *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 179 (Mo.App. 1984), and found a covenant to maintain to exist imposing a duty upon the Commission to repair the ditch. The court also held that the covenant to maintain extended to the entirety of the ditch. In making this conclusion, it considered the surrounding circumstances and conditions in determining the parties' intentions. *Structural*

*Systems, Inc. v. Hereford*, 564 S.W.2d 62, 66 (Mo.App.1978). A reasonable interpretation of the identified clause is that although the grantee had discretion whether to build the ditch, by building it, the grantee elected to maintain it. The trial court declared and applied the law correctly in its holding that a covenant to maintain the ditch exists within the deed and that the Commission is obligated to repair the entire ditch.

The Commission next contends that the trial court was without jurisdiction to order specific performance of the covenant. It argues that decisions regarding maintenance of the ditch are within the discretion of the Commission, authority granted to it by Article IV, Section 29 of the Missouri Constitution, and that the court's order exceeds the court's constitutional powers. The Commission relies on *Weber v. Mo. State Highway Comm'n*, 639 S.W.2d 825 (Mo.1982), for support of its position that its maintenance of the ditch is within its discretion and not subject to court intervention. In *Weber* the Commission relinquished control and maintenance of a road to a county and suit was filed to force the Commission to assume control again. The Missouri Supreme Court held "[s]uch intervention in the absence of a pleading of facts showing bad faith or a manifest abuse of the authority vested in the Commission would amount to judicial usurpation of an exclusively legislative function clearly beyond the constitutional power of courts." *Id.* at 828.

■ The Commission's reliance on *Weber* is misplaced. The court did not exercise discretion vested in the Commission. The court ordered the Commission to honor a covenant the Commission made while exercising its authority. The Commission voluntarily made the covenant, and its refusal to honor it, although not necessarily in bad faith, is a breach of the agreement. A breach of covenant may give rise to the remedy of specific performance. *Weiss v. Leaon*, 359 Mo. 1054, 225 S.W.2d 127, 130 (1949). The trial court had jurisdiction to order the Commission to honor its covenant to maintain the ditch.

■ The Commission makes three more arguments which will be discussed briefly. It asserts that the construction of the deed given by the trial court results in a violation of the reserved powers doctrine and therefore renders it void. The argument is not clearly articulated. This issue is raised for the first time by the Commission on appeal. Because this theory was not "seasonably invoked," it is not available to the Commission here and will not be considered by this court. *Mo. Service Co. v. City of Stanberry*, 341 Mo. 500, 108 S.W.2d 25, 30 (1937).

The Commission alleges trial court error in the admission of evidence. Mr. Graessle testified concerning a conversation between himself and Mr. Rohrbach, an employee of the Commission at the time the deed was executed. They discussed the maintenance of the ditch. The testimony specifically pertained to representations made by Mr. Rohrbach concerning payment for crops which might be damaged during repair work.

■ The Commission argues that the testimony was hearsay, impermissible parole evidence, and lacked the required foundational showing that Commission employee Rohrbach was acting within the scope of his agency when he spoke to Mr. Graessle about maintenance of the ditch. The trial court correctly found the deed ambiguous and, therefore, ascertaining the parties' intent was important. *Goldberg*, 672 S.W.2d at 179. Parole evidence was permissible to aid the trier of fact in determining the parties' intent. *Pope v. Kirschner*, 742 S.W.2d 240, 242 (Mo.App.1987). Additionally, because the evidence was offered to show intent and not the truth of the facts asserted, it was not hearsay evidence. *See, In Interest of A.M.K.*, 723 S.W.2d 50, 53 (Mo.App.1986).

■ Appellant cites *State ex rel. State Highway Comm'n v. Baker*, 505 S.W.2d 433 (Mo.App.1974), as support that a foundational showing that Mr. Rohrbach was acting within the scope of his authority must be made to except his statements from the rule against the admission of hearsay as a statement against the Com-

mission's interest. However, Mr. Rohrbach's statements were not hearsay and were not introduced as an exception to the hearsay exclusion rule. Mr. Graessle testified that Mr. Rohrbach said he represented the Highway Department, and he presented Mr. Graessle with documents from the Highway Department. Representations were made to Mr. Graessle by Mr. Rohrbach about maintenance of the ditch upon which he relied. The evidence is probative of Mr. Graessle's intent when he signed the deed. The evidence relied upon by the court in reconciling the ambiguity of the covenant included the conversation about which Mr. Graessle testified and the contract for county maintenance made by the Commission with the County. The evidence is consistent with the court's reasonable interpretation that the clause means that if the Commission elects to built the ditch, it will maintain it.

Finally, the Commission asserts that the court erred in finding that the maintenance agreement between itself and Callaway County extended only to the road and not the remainder of the right-of-way, the ditch. The maintenance agreement between the Commission and the County, drafted by the Commission, provided for county maintenance of a section of the relocated "county road." No specific reference was made to the drainage ditch.

■ The trial court considered the Commission's argument that the term "road" is ambiguous and includes the ditch within its meaning. The court reasoned that if the term "road" were ambiguous, its meaning would be construed against the Commission's position as drafter of the deed since evidence of intent of any of the signatories at the time of the execution was nonexistent. *John Deere Co. v. Hensley*, 527 S.W.2d 363, 365 (Mo. banc 1975); *Village of Cairo v. Bodine Contracting Co.*, 685 S.W.2d 253, 265 (Mo.App.1985). However, the court found the term "road" to be unambiguous and held that "road" meant only the road and not the drainage ditch. Callaway County, it held, therefore, has no obligation to maintain the drainage ditch. The trial court correctly applied the

law in that, the term "road" is not ambiguous and, even if it were, the Commission drafted the agreement and all ambiguous terms will be construed against it. *Village of Cairo*, 685 S.W.2d at 264.

 The Commission next argues that the County's duty to maintain the road includes the implied obligation to do all things reasonable and necessary to fulfill that duty. The Commission does not demonstrate, however, how maintenance of the drainage ditch is necessary to fulfill the duty to maintain the road itself.

The judgment is affirmed.

All concur.